Mrs. E. A. Giffin, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 37933.   Promulgated May 28, 1930.

*Douglas D. Felix, Esq.,* for the petitioner.
*Arthur H. Murray, Esq.,* for the respondent.

ARUNDELL: In addition to the facts stipulated by the parties, they also stipulated that:

The sole question to be decided by the Board is whether the commission of $4,250 and other selling expenses amounting to $101.15 paid by petitioner in 1925 is [are?] deductible in the year paid or whether the said commission and other selling expenses aforesaid should be prorated over the life of the installments.

The question here presented arises under section 212(d) of the Revenue Act of 1926, which gave legal sanction to the installment sales method of reporting income and which was made retroactive by section 1208 of the same act. See *Blum's, Incorporated*, 7 B. T. A. 737, for a review of the history of this method of returning income. Section 212(d) as far as material here provides:

Under regulations prescribed by the Commissioner with the approval of the Secretary, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the total profit realized or to be realized when the payment is completed, bears to the total contract price. In the case * * * of a sale or other disposition of real property, if * * * the initial payments do not exceed one-fourth of the purchase price, the income may, under regulations prescribed by the Commissioner with the approval of the secretary, be returned on the basis and in the manner above prescribed in this subdivision.

There is no controversy between the parties as to whether the commission and other expenditures in connection with the sale ought to serve to reduce the profit. They agree that it should, but the petitioner asks for the reduction *in toto* in the year of the sale, while by the respondent's method of computation it is spread over the period during which additional payments on the property are to be received.

Petitioner contends that the commission paid to the real estate broker is a current expense. As a matter of accounting that may be so, but that does not necessarily make it a deductible item for tax purposes. The taxing statute does not recognize as deductions all things that may be labeled by the bookkeeper as expenses. In *Blum's, Incorporated, supra,* we held that the taxpayer was entitled to deduct in full all " the expenses, allowances, and losses " (with an exception not here important) which are enumerated in sections 214 and 234 and which were paid or incurred or paid or accrued within the taxable year. The sections mentioned, one of which applies to individuals and the other to corporations, both provide for the deduction of "All the ordinary and necessary expenses paid or incurred during the taxable year *in carrying on any trade or business* * * *." (Italics supplied.) As it was stipulated that this petitioner was not a

dealer in real estate, it is plain that the commission paid was not an expenditure made in carrying on a trade or business and she is not entitled to deduct the payment as a statutory expense.

Under section 212 (d), *supra*, the amount to be returned as income is that proportion of the payments received " which the *total profit realized or to be realized* when the payment is completed bears to the total contract price." The parties are in agreement on the total contract price which was $85,000. They differ on what is meant by the words " total profit realized or to be realized." Does this phrase mean merely the excess of selling price over cost, or is it necessary to make an adjustment for selling costs to arrive at the " total profit "? In the present case was petitioner's total profit realized or to be realized, $76,948 (selling price, $85,000, less cost, $8,052), or was it $72,596.85 (selling price, $85,000, less cost of $8,052 and selling costs of $4,351.15) ? In our opinion it was the latter. It seems to us that the words " to be realized " requires us to look ahead to the end of the period during which payments are to be made and when we do this it is plain that the total profit can not be arrived at by any other method than by reducing the sale price by the amount of selling costs. A more accurate set-up might be produced by deducting the selling cost directly from the sale price than to place such costs in the same column as the cost of the land, as appears to be the respondent's practice, but the result is the same either way. In his published rulings the respondent recognizes expenses incident to the sale in cases of this sort as an " offset " to the sale price and not as a part of the cost of the land. See I. T. 2305, C. B. V–2, p. 108; I. T. 2340, C. B. VI–I, p. 43.

In at least two previous cases, *Dalriada Realty Co.*, 5 B. T. A. 905, and *Hannibal Missouri Land Co.*, 9 B. T. A. 1072, involving the same question as does this case, in which the respondent used the same method of computation, we approved the result. The effect of this method of computation is that in cases where the taxpayer elects to project the profit realized into years beyond that in which the sale is made, the expenses incident to the sale are taken into account over the same period of time. This seems to us to be the result intended by the law, and upon careful consideration of the question we think the decision announced in the above cases was sound and we adhere to it in the present proceeding.

Reviewed by the Board.

*Decision will be entered for the respondent.*

---

STERNHAGEN : The charging off of the commissions, etc., in the first year, whether by their subtraction from the total sale price or by their addition to the cost, seems to me to be incorrect and in con-

flict with the view which the Board, after extended consideration, adopted in *Bonwit Teller & Co.*, 17 B. T. A. 1019; *Julia Stow Lovejoy*, 18 B. T. A. 1179; *James M. Butler*, 19 B. T. A. 718; and *Central Bank Block Association*, 19 B. T. A. 1183. Mathematically, the result may be the same, but the clash of principle seems to me apparent. The installment method is that of spreading sale profits over more than one year. There is no essential difference for the purpose of a true reflection of income between a transaction yielding periodic income called rent and one yielding periodic income called installments of profit; and if the initial outlay made to bring about the income-producing lease should, as the Board has held in the above cited cases, be spread (and see *Anahma Realty Co.* v. *Commissioner*, 42 Fed. (2d) 128, so should the outlay made to secure the annual profit-producing sale. The balance between the coming in of profits and the going out of costs which prompted the recognition of the installment basis of taxing income compels the spreading of the related commissions and other charges.