D. F. McCRIMMON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33751. Promulgated July 29, 1930.

*Douglas D. Felix, Esq.*, and *Jesse I. Miller, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, for the respondent.

386

OPINION.

SEAWELL: As indicated from our findings of fact, the issue here involved is the proper treatment of commissions which were paid for negotiating certain sales of real estate, the income from which is reported on the installment basis. Both parties are agreed that the petitioner is entitled to report his income from the transactions in question on the installment basis, and (leaving commissions and transfer charges out of consideration) agree as to the amount of income to be reported on account of each transaction. Their disagreement arises by reason of the fact that the Commissioner contends that the petitioner and the partnership of which he was a member were not engaged in the real estate business in 1925 and therefore should not be allowed deductions for commissions as an ordinary and

necessary expense paid in carrying on a trade or business, but that such commissions should be offset against the selling price of the property at the date of sale, or as an increase of cost, in determining the profit to be reported in the several years as payments are made. On the other hand, the petitioner contends that he and the partnership were engaged in the real estate business in 1925 and therefore the commission paid by him individually, as well as those paid by the partnership, were ordinary and necessary expenses of carrying on a trade or business in 1925 which should be allowed as deductions in computing net income for that year, rather than be used in reducing the profit which would be allocated to the several years.

From a consideration of the entire record we are unable to agree that sufficient evidence has been introduced to overcome the *prima facie* correctness of the Commissioner's finding that the petitioner and/or the partnership were not engaged in the real estate business. The word " business " is often defined in a very broad sense as " That which occupies the time, attention and labor of men for the purpose of livelihood or profit " (1 Bouvier's Law Dictionary, p. 273), which definition was quoted with approval in *Flint* v. *Stone Tracy Co.*, 220 U. S. 107, but even in a case such as the foregoing, where a liberal interpretation of the term might be applicable, we are of the opinion that more evidence of business activity is required than we have here. The most that can be said is that the partnership gave up a business—that of farming—and sought to dispose of the assets with which they had carried on that business. The sales which they made in 1925 were of this property and even these sales were made through brokers. The record does not show that the petitioner, individually, or the partnership held itself out as a real estate operator. It is true that both the petitioner and the other partner, who were the only witnesses, testified that they were in the real estate business from April, 1925, to September, 1926, but we do not understand these statements to be other than conclusions which the Board itself is asked to find from the facts presented. One purchase of property was made in 1925 and a sale of this same property made in 1926, but as far as the record goes this transaction may well have been handled through brokers just as any individual not engaged in business might do.

A more reasonable view of the case would seem to be that the partners were engaged in going out of business when they considered they could do so at a profit, rather than in carrying on a real estate business in the usually accepted meaning of the term. Under such circumstances we are of the opinion that if our issue were, as it was in *Flint* v. *Stone Tracy Co.*, *supra*, whether an excise tax should be imposed upon the petitioner because he was engaged in carrying on or doing business, we should have to say that we are not satisfied that the evidence presented justifies the imposition of such a tax.

Likewise we are unwilling to say here that the evidence establishes that the petitioner was engaged in carrying on a business in the sense contemplated under the provision of the statute which allows ordinary and necessary expenses as a deduction in computing net income.

Since we are of the opinion that the petitioner and the partnership were not engaged in the real estate business, the petitioner's contention that the commissions and transfer charges should be allowed as deductions in their entirety in the year when paid must be denied. *Mrs. E. A. Giffin*, 19 B .T. A. 1243.

*Judgment will be entered for the respondent.*

STERNHAGEN dissents.