THE ODORONO COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

THE GLAZO COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 51195, 51196. Promulgated October 26, 1932.

*Clyde Y. Morris, Esq.*, *Henry Herrick Bond, Esq.*, and *Carl M. Jacobs, Esq.*, for the petitioners.

*Isador Graff, Esq.*, and *James H. Yeatman, Esq.*, for the respondent.

1356

## OPINION.

SMITH: The petitioners contend, first, that the amounts which they paid to their attorney in 1928 for legal services performed in connection with the transfer of their assets to the Northam Warren Corporation are deductible as ordinary and necessary business expenses of that year, under the provisions of section 23 (a) of the Revenue Act of 1928. This section of the statute permits a deduction from gross income in computing net income of "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered."

Were the attorney's fees paid for the purpose of carrying on any trade or business? The petitioners were both engaged in the regular business of manufacturing and selling toilet preparations. In 1928 they entered into negotiations looking to either a sale of the assets and business to, or a merger with, another corporation engaged in a similar business. They employed an attorney to make an investigation and perfect plans for such a step. As the petitioners state in their brief, the attorney "represented the petitioners in the proposed merger, he investigated the financial set-up of all the companies, and he assisted in the financing arrangements whereby the transfer of the Odorono and Glazo businesses could be effected." It seems to us that the attorney's fees were paid by the petitioners not for the purpose of carrying on any regular business, but for the purpose of merging or reorganizing or completely disposing of their businesses.

The plan by which this was accomplished may be considered, for our purposes, as a reorganization or other nontaxable transaction such as is referred to in section 112 of the Revenue Act of 1928. It has been so treated both by the petitioners and by the respondent. However, it is not necessary in these proceedings to determine the exact nature of the transaction. Our question is whether the attorney's fees paid in connection therewith are deductible either as expenses of carrying on a business or as losses of that year.

We have held in a number of cases that expenses incident to the organization or reorganization, or merger of corporations are capital expenditures which may not be deducted from gross income as business expenses of the taxable year when paid or incurred. *First National Bank of St. Louis*, 3 B. T. A. 807; *Hershey Mfg. Co.*, 14 B. T. A. 867; *Udolpho Wolfe Co.*, 15 B. T. A. 485. This is also true of fees paid by a corporation to increase its capital stock; *Logan-Gregg Hardware Co.*, 2 B. T. A. 647; *Holeproof Hosiery Co.*, 11 B. T. A. 547; and commissions and fees paid in connection with the sale by a corporation of its capital stock. *Emerson Electric Mfg. Co.*, 3 B. T. A. 932; *Simmons Co.*, 8 B. T. A. 631; affd., 33 Fed. (2d) 75; certiorari denied, 280 U. S. 577; *Harrisburg Hospital, Inc.*, 15 B. T. A. 1014. We have also held that fees paid by an individual to an attorney for investigating investment projects are not deductible in the year when paid, either as expenses of a trade or business, or as losses. *Robert Lyons Hague*, 24 B. T. A. 288.

In *Holeproof Hosiery Co., supra*, we said:

Those expenses which are ordinary and necessary in carrying on a business may be deducted from annual income when paid or incurred. Expenditures which are made for the acquisition of capital assets represent the cost of the asset and, if the assets are exhausting, deductions for exhaustion make capital whole in such cases before income is taxed. * * * However, all expenditures need not fall into one or the other of these two classes. * * *

The expenditures for attorneys' fees in this case may be such an expenditure. It can be argued, and not without merit, that no capital asset is acquired when attorneys' fees are paid in connection with an increase in capitalization, but it does not follow that the payments are ordinary and necessary expenses of the year when made. It may be that the scheme of the taxing statute fails to provide for their reflection in the computation of the petitioner's tax, but in any event they are not ordinary expenses in carrying on the business during the year 1921, within the meaning of section 234 (a) (1) of the Revenue Act of 1921. * * *

Ordinarily, the costs incident to the acquisition or sale of property are considered capital expenditures, which, in the case of a purchase, are added to the cost of the property (see *Marjorie Post Hutton*, 12 B. T. A. 265; affd., 39 Fed. (2d) 459; *I. N. Burman*, 23 B. T. A. 639), and in the case of a sale are deducted from the sale

price, thereby, in taxable transactions, either reducing the amount of the gain or increasing the amount of the loss. See *W. A. Bahr*, 10 B. T. A. 637. Cf. also *Mrs. E. A. Giffin*, 19 B. T. A. 1243.

Regardless of whether or not the amounts here in dispute may be classified as capital expenditures, we are of opinion that they were not ordinary and necessary expenses of carrying on a business.

The petitioners contend, in the alternative, that the attorney's fees, if representing capital expenditures, are nevertheless deductible as losses, under the provisions of section 23 (f) of the 1928 Act, which losses were incurred upon their dissolution within the taxable year.

There is no merit in this contention. There is nothing in the evidence to indicate, and it is not claimed by the petitioners, that there was any loss upon the transfer of the petitioners' assets to the Northam Warren Corporation. We assume, in the absence of evidence to the contrary, that the transaction was mutually beneficial to all of the parties concerned and that value was received by the petitioners on account of the expenditures for the attorney's fees.

Reviewed by the Board.

*Judgment will be entered for the respondent.*