*Decision will be entered under Rule 50.*

BRIARCLIFF INVESTMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 71188. Promulgated July 24, 1934.

*Byron P. Harris, C.P.A.,* for the petitioner.
*Frank B. Schlosser, Esq.,* for the respondent.

OPINION.

STERNHAGEN: The Commissioner determined a deficiency of $577.68 in petitioner's income tax for 1930. The attack is on the disallowance of a deduction of brokerage commissions paid in two real estate transactions. The facts were stipulated.

The petitioner, a Georgia corporation, was, during 1930, "engaged in the real estate business." Its books were on the cash and not an accrual basis. It acquired the Robert Fulton Hotel property for $654,323.33, being cash $100,266.08, liabilities assumed $479,057.25, and Union Stock Yards $75,000. To a broker petitioner paid "a commission of $3,000 for services rendered in connection with the transaction, which services consisted largely of inducing the owner of the hotel to accept the stockyards property as part payment." Petitioner also acquired the Pallas Apartment property for $225,000, paid by $40,000 cash, $160,000 liabilities assumed, and the Griffin Farm $25,000. A commission of $2,500 was paid to a broker for services "consisting largely of inducing the apartment owner to accept the Griffin Farm as part payment to the extent of $25,000 on the purchase price." The petitioner on its 1930 return deducted the $3,000 and $2,500 as expenses and the Commissioner disallowed the deduction.

In the notice of deficiency the respondent predicated his disallowance of the deduction upon the holding that the two transactions in real estate were exchanges of property held for investment for other property of like kind or use, and therefore gain or loss thereon could not be recognized, Revenue Act 1928, sec. 112 (b)(1). The petitioner contends that nevertheless the commissions paid are deductible under section 23 (a) as ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Since the facts stipulated are limited to those which have just been set forth, it appears only that one "engaged in the real estate business" exchanged two investment properties for two other investment properties, paying cash and the assumption of liabilities in addition to the properties given up. There is nothing further to indicate that these transactions were other than special investments. That the petitioner is stipulated to be "engaged in the real estate business" is not sufficient to characterize every commission as an ordinary expense of carrying on its business. This is particularly true where, as here, there is reason from the stipulation to believe that the taxpayer's business consists of investments. If the petitioner be engaged in trading, there is no evidence in this record to indicate it.

Earlier decisions have held that a commission paid as an incident to an investment transaction is not deductible as an ordinary and

necessary expense[1] and in *In N. Burman*, 23 B.T.A. 639, this rule was applied to one who was engaged in the real estate business, as this petitioner is stipulated to have been.   There have, however, been tacit reservations as to commissions paid regularly by a real estate dealer in respect of his regular trading operations.[2]   While it is quite conceivable that commissions may be deducted by a dealer under such circumstances, it is sufficient in this case to say that the facts do not call for the consideration of that question.   We say only that, consistently with prior decisions, the deductibility of a real estate commission as an ordinary and necessary expense of carrying on a trade or business is not established by the ambiguous stipulation that the taxpayer is " engaged in the real estate business ", and that the commissions were paid in connection with two transactions which, so far as appears, were mere changes of investment.

*Judgment will be entered for the respondent.*

---

[1] *Hutton* v. *Commissioner*, 39 Fed. (2d) 459 (securities) ; *Bonwit Teller & Co.* v. *Commissioner*, 53 Fed. (2d) 381, 384 ; *Tonningsen* v. *Commissioner*, 61 Fed. (2d) 199 (long term leases) ; *E. A. Giffin*, 19 B.T.A. 1243 (real estate commissions) ; cf. *Odorono Co.*, 26 B.T.A. 1355 (attorney fees).

[2] *E. A. Giffin*, 19 B.T.A. 1243 ; *Florence G. Baldwin*, 23 B.T.A. 512 ; cf. *J. A. Dart* 29 B.T.A. 125.