### LEONARD C. BLACK AND DOLORES M. BLACK, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3475–71.    Filed April 24, 1973.

Leonard C. Black, pro se.
*Brian J. Seery*, for the respondent.

FAY, *Judge:* Respondent determined a deficiency in the income tax liability of petitioners for the taxable year 1968 in the amount of

$2,853.63. Certain concessions having been made, the issues remaining for decision are: (1) Whether petitioners are entitled to deduct under section 162 or 212 [1] the commission paid to a real estate broker for the sale of a private residence; (2) whether a Pennsylvania real estate transfer tax is a deductible tax under section 164; and (3) whether petitioners are entitled to a business expense deduction for a fee paid to Frederick Chusid & Co. for services in helping petitioner husband seek but not secure a new job.

### FINDINGS OF FACT

Some of the facts have been stipulated; the stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference.

Petitioners Leonard C. and Dolores M. Black timely filed a joint income tax return for the year 1968 with the district director of internal revenue, Philadelphia, Pa. Petitioners' legal residence at the time of the filing of the petition herein was Jenkintown, Pa. Dolores M. Black is a party herein only by reason of having filed a joint return with her husband, Leonard C. Black, and the latter will hereinafter be referred to as petitioner.

During the first 2 months of 1968 petitioner resided at 299 Melmore Street, Tiffin, Ohio, and was employed as a comptroller by the ITT Corp. in its Abrasive Products Division in Tiffin.

Petitioner was transferred to the comptroller's position at ITT's Nesbitt Co., Environmental Products Division, in Philadelphia, Pa., on March 3, 1968, and on April 10, 1968, petitioner sold his residence in Tiffin and moved his family and his family's belongings permanently from that area. He paid a real estate brokerage commission of $1,578 due as the result of the sale of his residence in Tiffin.

On April 30, 1968, petitioner purchased his new residence at 1088 Dixon Lane, Jenkintown, Pa. In purchasing that residence petitioner paid a $340 Pennsylvania real estate transfer tax.

On September 17, 1968, petitioner signed an "Executive Assessment and Sponsored Career Advancement Program" agreement with Frederick Chusid & Co. (Chusid) and paid Chusid $1,875 in four monthly installments during 1968. Under this agreement Chusid, for up to 8 months from the date of signing, September 17, 1968, was to provide consulting services and assistance in securing petitioner a new position.

In August 1970 petitioner began employment with Circle F Industries in Trenton, N.J. In 1969, petitioner's last year with ITT, he received total compensation of $27,136, comprised of $23,136 salary and

---

[1] All section references are to the Internal Revenue Code of 1954 unless otherwise indicated.

a $4,000 bonus. Petitioner accepted a job at Circle F Industries even though it paid him less money per year than did his job with ITT because the long range possibilities were much more promising than his future prospects at ITT. Chusid played no direct part in petitioner's obtaining new employment at Circle F.

In his return for the taxable year 1968 petitioner deducted his commission expense, the real estate transfer tax expense, and the fees paid to Chusid. Respondent in his notice of deficiency increased petitioner's taxable income to reflect the disallowance of these deductions.

OPINION

The first issue is whether petitioner is entitled to deduct as an ordinary and necessary business expense the commission paid to a real estate broker on the sale of petitioner's residence in Tiffin.

Prior to January 1, 1970, the commission paid on the sale of a house was an offset item in determining the gain from the sale of an old residence for purposes of section 1034. It was used to determine the amount realized on the sale, see section 1.1034–1(b)(4), Income Tax Regs. The amount realized was then an essential figure in determining the adjusted sales price of the house. See sec. 1.1034–1(b)(3), Income Tax Regs.

Pub. L. 91–172, 83 Stat. 577, amended section 217 to permit a deduction for such commissions [2] provided the conditions for allowance under section 217(c) are met.

---

[2] SEC. 217. MOVING EXPENSES.

(a) DEDUCTION ALLOWED.—There shall be allowed as a deduction moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work.

(b) DEFINITION OF MOVING EXPENSES.—

(1) IN GENERAL.—For purposes of this section, the term "moving expenses" means only the reasonable expenses—

\* \* \* \* \* \* \*

(E) constituting qualified residence sale, purchase, or lease expenses.

(2) QUALIFIED RESIDENCE SALE, ETC., EXPENSES.—For purposes of paragraph (1)(E) the term "qualified residence sale, purchase, or lease expenses" means only reasonable expenses incident to—

(A) the sale or exchange by the taxpayer or his spouse of the taxpayer's former residence (not including expenses for work performed on such residence in order to assist in its sale) which (but for this subsection and subsection (e)) would be taken into account in determining the amount realized on the sale or exchange,

The legislative history provides a more detailed description of qualified residence sale expenses:

"Qualified residence sale, purchase, or lease expenses constitute the third additional category of moving expenses for which a deduction is to be allowed. Qualified residence sale and purchase expenses are reasonable expenses incident to the sale or exchange by the taxpayer or his spouse of the taxpayer's former residence and expenses incident to the purchase by the taxpayer or his spouse of a new residence in the general location of the new principal place of employment. The sale-related expenses include a *real estate agent's commission*, escrow fees, and similar expenses reasonably necessary to effect the sale or exchange of the residence. [H. Rept. No. 91–413, 91st Cong., 1st Sess., p. 76 (1969), 1969–3 C.B. 248 ; S. Rept. No. 91–552, 91st Cong., 1st Sess., p. 109, 1969–3 C.B. 493. Emphasis added.]"

The amended section 217 applies with respect to taxable years beginning after December 31, 1969, and petitioner is therefore precluded from the benefits of that section for the taxable year in question.

Petitioner apparently relying on the rationale of our *Leonard F. Cremona*, 58 T.C. 219 (1972), decision argues that he is in the trade or business of being employed as a comptroller, that the commission expense is a direct result of the forced move which was made to carry out his duties in that trade or business, and that he is therefore entitled to a deduction under section 162 for this alleged ordinary and necessary business expense. We cannot agree with this contention.

In determining whether this is an ordinary and necessary expense of petitioner's business, the focus must be on the relationship between the requirements of petitioner's trade or business and his decision to sell his house. That decision was solely personal. Petitioner's employment required nothing more than that he move to Pennsylvania and work. Petitioner's status as an employee was in no way affected by his ownership or nonownership of a house in Ohio. Indeed, the present case does not even present a problem which might require us to seek out the "dominant motive" of the expenditure, as suggested by both concurring opinions in *Cremona*. There was only a personal motive involved in the sale of this house and the expenditures can only relate to the sale of this capital asset and act as an offset against the gross profit of that sale. See *Mrs. E. A. Giffin*, 19 B.T.A. 1243 (1930). Cf. *Mark R. Harding*, 46 T.C. 502 (1966), where it was held that the loss on the sale of a house was a nondeductible personal loss and not a medical deduction even though petitioners were motivated to change their residence to avert the possibility of psychological damage to their daughter.

To be sure there is some degree of proximate relationship between petitioner's status as a transferred employee and the costs of selling his old home. However, this relationship is insufficient upon which to base a deduction for an item as an ordinary and necessary expense incurred in carrying on a trade or business. "Proximate cause * * * has little place in tax law." *United States* v. *Generes*, 405 U.S. 93 (1972).

Since the expense in question is not the allowable type of expense deductible under section 162, we are precluded from considering its deductibility under section 212. See *McDonald* v. *Commissioner*, 323 U.S. 57 (1944); *James B. Carey*, 56 T.C. 477, 483 (1971), affirmed per curiam 460 F. 2d 1259 (C.A. 4, 1972), certiorari denied 409 U.S. 990 (1972).

The second issue for consideration is whether a Pennsylvania real

estate transfer tax incurred by petitioner in purchasing his home in Jenkintown is a tax deductible item under section 164.

Again, petitioner is precluded from claiming the benefits of section 217 because of its inapplicability to the year in question. Petitioner's contention, however, is that the real estate transfer tax is deductible as a tax under section 164.[3]

The Pennsylvania real estate transfer tax as imposed by section 3285 of title 72 of the Pennsylvania Statutes is a tax on all real estate sales at the rate of 1 percent of the selling price.[4]

Section 164 allows a deduction for certain taxes paid or accrued within the taxable year. That section lists five separate categories of specific taxes which are deductible, and further in its "flush language" allows a deduction for any State, local, or foreign taxes not described in the enumerated categories which are incurred in carrying on a trade or business or an activity described in section 212. In discussing the first issue (commission expenses) we considered and rejected the contention that a taxpayer is entitled to a business expense deduction for personal expenses arising from the *sale* of a home. The reasoning in that issue is equally applicable to the expense in this issue which arises from the petitioner's personal decision to *purchase* a home in his new business location. Petitioner cannot consider the tax in question as a 162 or 212 expense because of a lack of a sufficient nexus to petitioner's trade or business. Therefore, petitioner cannot rely on the "flush language" of section 164 to deduct the transfer tax as a tax under section 164. If the tax is at all deductible it must fit within one of the five specifically deductible categories.

Petitioner has not been able to fit the tax in question in any of the enumerated categories. Petitioner on his return deducted the tax as a

---

[3] SEC. 164. TAXES.

(a) GENERAL RULE.—Except as otherwise provided in this section, the following taxes shall be allowed as a deduction for the taxable year within which paid or accrued:

(1) State and local, and foreign, real property taxes.
(2) State and local personal property taxes.
(3) State and local, and foreign, income, war profits, and excess profits taxes.
(4) State and local general sales taxes.
(5) State and local taxes on the sale of gasoline, diesel fuel, and other motor fuels.

In addition, there shall be allowed as a deduction State and local, and foreign, taxes not described in the preceding sentence which are paid or accrued within the taxable year in carrying on a trade or business or an activity described in section 212 (relating to expenses for production of income).

[4] Sec. 3285. Rate of tax; when payable

Every person who makes, executes, delivers, accepts or presents for recording any document or in whose behalf any document is made, executed, delivered, accepted or presented for recording, shall be subject to pay for and in respect to the transaction or any part thereof, or for or in respect of the vellum parchment or paper upon which such document is written or printed, a State tax at the rate of one (1) percentum of the value of the property represented by such document, which State tax shall be payable at the time of making, execution, delivery, acceptance or presenting for recording of such document. * * *

personal property tax as found within 164(a)(2). The definition of a personal property tax as found in section 164(b)(1) is a tax imposed on an annual basis in respect of personal property. The tax in the case at bar, which is imposed on the transfer of real estate only once, at the time of transfer, fails the definitional requirements of a personal property tax on both counts.

Nor can the tax in question qualify as a real property tax as cited in section 164(a)(1). The Pennsylvania real estate tax is a tax imposed on the transfer transaction, not on the interest in the real property. See *United States* v. *Mitnick*, 316 F. Supp. 252 (M.D. Pa. 1970). The term "real property tax" as envisioned by section 164(a)(1) refers to a tax imposed on an interest in real property. See sec. 1.164–3(b), Income Tax Regs.

The only other remotely possible applicable subsection of section 164 is subsection (a)(4) which allows a deduction for a general sales tax. Section 1.164–3(c), Income Tax Regs., defines a sales tax as a tax imposed upon the sellers or consumers of tangible personal property. Clearly the tax imposed on petitioner has failed to meet this definition also. Petitioner in the present case must be content to treat the transfer tax as a capital expenditure to be added to the basis of his new home. See Rev. Rul. 65–313, 1965–2 C.B. 47.

The final issue is whether petitioner is entitled to a deduction under section 162 for expenses incurred in seeking new employment in his established field where neither a job nor an opportunity of employment results from the expenditure.

Petitioner signed an agreement with Chusid in September of 1968. In August of 1970, long after his rights to Chusid's services had run out, petitioner began working at the Circle F Industries in Trenton. Chusid played no direct part in petitioner's obtaining this new employment.

The respondent contends that since the employment fee was not at all responsible for petitioner *securing* new employment it is not a deductible expense. We cannot accept respondent's attempt to change our thinking in *Leonard F. Cremona, supra,* and resurrect the rejected distinction between expenses for seeking or securing new employment. It is now a settled proposition of law in this Court that expenses incurred in either seeking or securing new employment within the taxpayer's established field are deductible. See *Leonard F. Cremona, supra.*

*Decision will be entered under Rule 50.*