JOHN M. GIBBONS AND MARCELLA A. GIBBONS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gibbons v. Commissioner
Docket No. 10075-74.
United States Tax Court
T.C. Memo 1976-125; 1976 Tax Ct. Memo LEXIS 275; 35 T.C.M. (CCH) 565; T.C.M. (RIA) 760125; April 22, 1976, Filed John M. Gibbons and Marcella A. Gibbons, pro se. Steven J. Mopsick, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency in petitioners' 1973 Federal income tax in the amount of $388.11. The sole issue before us is the deductibility of certain state and local transfer and recordation taxes incurred by petitioners in connection with the purchase of a personal residence in 1973. The parties have submitted this case fully stipulated pursuant to Rule 122 of this Court's Rules of Practice and Procedure. Petitioners, husband and wife, were residents of Bethesda, Maryland, at the time of filing their petition herein. They filed a joint Federal income tax return for the 1973 taxable year. On December 3, 1973, petitioners purchased a home in Bethesda, Montgomery County, Maryland, for a price of $62,500. At the December 3, 1973 settlement, petitioners paid, *277 among other costs, the following: Item
Rate
Amount paid
State property
1/2% of
transfer tax
purchase
price
$312.50
County real
1% of
estate trans-
purchase
fer tax
price
625.00
County
$2.20 per
recordation $500 of
tax
purchase
price
275.00
$1,212.50 [1] Petitioners itemized and deducted these taxes paid on their 1973 Federal income tax return. Respondent disallowed any deduction in respect of these taxes. Petitioners argue that they are entitled to take the deductions in dispute, [2] or, if they are not so entitled, they argue that section 164, which provides for the deductibility of certain state and local taxes, is unconstitutional. We find no merit in petitioners' position. The parties are agreed that petitioners' home purchase was entirely personal in nature; such purchase was not related to any trade, business, or income-producing activity of the petitioners. In view of this fact, the *278 deductibility of the disputed taxes depends upon whether such taxes fall within any of the five classes of state and local taxes for which deductions are allowed. [3] We have had the opportunity to consider the deductibility of state property transfer taxes on a prior occasion. In Leonard C. Black,60 T.C. 108, 112-113 (1973), we held that a Pennsylvania tax incurred on the transfer of realty at the rate of 1 percent of the selling price was not deductible under section 164(a) since it did not fall within any of the categories of taxes therein. Because the Pennsylvania tax was imposed upon the transfer of property, it failed to meet the definitional requirements of deductible personal property taxes, real property taxes, or general sales taxes. [4] The state and county transfer taxes involved herein similarly refer to transfers of real property by written instruments; [5] they are not taxes on property interests or retail sales of tangible items. Accordingly, they are not deductible under section 164(a). *279 Petitioners can fare no better in their efforts to qualify the county recordation tax as a tax deductible under section 164(a). This tax, like the transfer taxes, is neither a tax on a property interest nor a general sales tax on a retail transaction involving tangible goods. Although the amount of the tax is determined with reference to the value given for the property, it is merely a tax on the privilege of recording a deed. See 7B Maryland Code Ann., art. 81, sec. 277(a) and (q) (1975 replacement vol.); Montgomery County, Maryland, County Council Resolution 7-182 (1971). See also Pittman v. Housing Authority of Baltimore City,180 Md. 457, 462-463, 25 A.2d 466, 469 (1942). The cost of these taxes incurred by petitioners is a capital expenditure which should be added to their basis in the property acquired. See Leonard C. Black,supra;Rev. Rul. 65-313, 1965-2 C.B. 47. Having determined that the transfer and recordation taxes are not deductible under section 164, we now turn to petitioners' argument in respect of the constitutionality of that section. Petitioners' constitutional claims are grounded in the Equal Protection *280 Clause of the Fourteenth Amendment. [6] As best we can determine, petitioner first argues that section 164(a) arbitrarily discriminates between taxpayers who incur transfer and recordation taxes in connection with the purchase of a personal residence and those taxpayers who incur the same taxes in connection with a trade, business, or income-producing activity. It is well known and oft repeated that deductions are a matter of legislative grace and, as such, the availability thereof to a taxpayer depends upon such taxpayer's ability to qualify therefor under the statutory provisions. See New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). Congressionally-drawn classifications of persons entitled to or not entitled to particular deductions will not be set aside where they are founded upon a rational basis and do not invidiously discriminate against a particular class of persons. Estate of Herman Klein,63 T.C. 585, 592-593 (1975), on appeal (C.A. 2, Nov. 18, 1975); see Moritz v. Commissioner,469 F.2d 466, 469 (10th Cir. 1972), revg. 55 T.C. 113 (1970). The distinction between persons engaged in personal activities *281 and persons engaged in businessrelated activities pervades the Internal Revenue Code and we perceive neither such absence of an underlying rational basis not invidious discrimination as would invalidate this distinction. See Brushaber v. Union Pac. R.R. Co.,240 U.S. 1 (1916). For example, the distinction is clearly delineated in section 162 (which allows the deduction of business expenses) and section 262 (which disallows the deduction of personal expenses). Moreover, we note that, in enacting the current provisions relating to the deductibility of certain state and local taxes, Congress was seriously concerned with the achievement of equitable and nondiscriminatory tax treatment. Cf. H. Rept. No. 749, 88th Cong., 1st Sess. 47-51 (1963), 1964-1 (Part 2) C.B. 125, 172-174. Petitioners also contend that if their transfer and recordation taxes are nondeductible, section 164(a) is discriminatorily enforced. In support of this contention, petitioners *282 claim that few people are aware of such nondeductibility and many people tend to deduct such taxes under the mistaken impression that they are real estate taxes. Petitioners charge that most of these errors go undetected, especially in the low and middle income taxpayer groups, where audits are less frequent. Petitioners have not specifically challenged respondent's audit of them. Moreover, the misunderstanding of or noncompliance with the law by other taxpayers has no bearing on petitioners' tax liability. Similarly, the mere fact that respondent may not have proceeded against other taxpayers who erroneously claimed such deductions is insufficient. See Christian Echoes National Ministry, Inc. v. United States,470 F.2d 849, 857-858 (10th Cir. 1972); cf. Greenberg's Express, Inc.,62 T.C. 324, 328 (1974). Decision will be entered for the respondent.
Footnotes
1. In the deficiency notice, petition, stipulation of facts, and respondent's brief, this figure is shown as $1,212.00.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩
3. SEC. 164. TAXES. (a) General Rule.--Except as otherwise provided in this section, the following taxes shall be allowed as a deduction for the taxable year within which paid or accrued: (1) State and local, and foreign, real property taxes. (2) State and local personal property taxes. (3) State and local, and foreign, income, war profits, and excess profits taxes. (4) State and local general sales taxes. (5) State and local taxes on the sale of gasoline, diesel fuel, and other motor fuels. In addition, there shall be allowed as a deduction State and local, and foreign, taxes not described in the proceeding sentence which are paid or accrued within the taxable year in carrying on a trade or business or an activity described in section 212 (relating to expenses for production of income). ↩
4. See Income Tax Regs. sec. 1.164-3↩. 5. 7B Maryland Code Ann., art. 81, sec. 278A (1975 replacement vol.); Montgomery County Code, sec. 52-21.↩
6. Equal protection principles are incorporated as part of Fifth Amendment due process. See Moritz v. Commissioner,469 F. 2d 466, 470 (10th Cir. 1972), revg. 55 T.C. 113↩ (1970).