RICHARD C. and KAREN E. KARPINSKI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Karpinski v. Commissioner
Docket No. 3156-81.
United States Tax Court
T.C. Memo 1983-50; 1983 Tax Ct. Memo LEXIS 740; 45 T.C.M. (CCH) 589; T.C.M. (RIA) 83050; January 26, 1983. Richard C. Karpinski, pro se. Marikay Lee-Martinez, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency of $430 in petitioners' 1978 Federal income tax. The only issue is whether petitioners are entitled to a sales tax deduction with respect to the purchase of their new home. All the facts *741 are stipulated and found accordingly. Petitioners, Richard C. and Karen E. Karpinski, resided in Tempe, Ariz., when they filed their petition herein. Ellis Suggs Construction Company (Ellis) is a general contractor in the business of building and selling completed single family homes to the general public. In 1978 petitioners purchased a new tract home in a subdivision owned and improved by Ellis for a stated purchase price of $73,191. Ellis purchased the materials that went into the construction of the home. Both the State of Arizona and the City of Tempe impose a tax on the privilege of doing business within their respective jurisdictions. These so called "transaction privilege" taxes are based on the volume of business transacted which is measured by values, gross proceeds of sales, or gross income as the case may be. With respect to businesses engaged in contracting, the State of Arizona imposed a transaction privilege tax of 4 percent on the gross proceeds of sales less land and labor costs. [1]The City of Tempe levied its own contractor's transaction privilege tax on 1 percent of gross proceeds from sales less a 35 percent deduction for labor. [2]
*742 As a prime contractor, Ellis paid State of Arizona and City of Tempe transaction privilege taxes on all homes sold in those jurisdictions, which necessarily included the home sold to petitioners. On their 1978 Federal income tax return, petitioners claimed a $1,354 sales tax deduction on the purchase of their new home. [3] In his notice of deficiency, respondent disallowed this deduction. Section 164(a)(4) [4] allows a deduction for state and local general sales taxes paid or accrued within the taxable year. A "general sales tax" is a tax imposed at one rate in respect of the sale at retail of a broad range of classes of items. Sec. 164(b)(2)(A). Respondent claims that the transaction *743 privilege taxes in issue were imposed with respect to the sale of real property and, therefore, do not quality as "general sales taxes" within the meaning of section 164(a)(4). [5] We agree with respondent. With certain exceptions not relevant herein, a sales tax is imposed on the sellers or consumers of tangible personal property. Sec. *744 1.164-3(e), Income Tax Regs.; Black v. Commissioner,60 T.C. 108, 113 (1973). Moreover, a "general sales tax" is a sales tax imposed in respect of a sale at retail. Sec. 164(b)(2)(A); sec. 1.164-3(f)(1), Income Tax Regs.
To qualify as a retail sale under both the State of Arizona and the City of Tempe taxing provisions, the sale must be a "sale for any purpose other than for resale in the form of tangible personal property". Ariz. Rev. Stat. Ann., section 42-1301 (1980); Tempe City Code, Chapter 33, Art. II, Div. 2, section 33-11.18, as amended by Ordinance No. 569-4, December 1, 1977. The Supreme Court of Arizona has made it clear that a contractor's completed work is not tangible personal property. When a contractor fabricates his materials for the contractee, and the completed structure is erected on the owner's land, it is as much real property as the land itself. The constituent elements of tangible personal property have been destroyed by their incorporation into the completed structure. And such a contractor, therefore, is not making a sale of tangible personalty to his contractee. [Duhame v. State Tax Commission,179 P.2d 252, 259; *745 65 Ariz. 268 (1947).] Moreover, the sale of a contractor's product does not constitute a retail sale. By the definitions in this Act a contractor when fabricating personalty into realty neither sells, resells, sells at retail, nor can he be considered a retailer. [Duhame v. State Tax Commission,179 P.2d 252, 259; 65 Ariz. 268 (1947) (construing a prior taxing Act of the State of Arizona).] Clearly then, Ellis (the contractor) was not engaged in selling tangible personal property at retail when it sold a completed home to petitioners. The transaction privilege taxes at issue herein are excise taxes on the privilege or right to engage in an occupation or business in the State of Arizona and the City of Tempe. See State Tax Com'n. v. Ranchers Exploration and Dev. Corp.,528 P.2d 866; 22 Ariz. App. 480 (1974). On these facts, we agree with petitioners that they are not precluded a deduction simply because the incidence of taxation is on the privilege of doing business. Indeed, a tax on the privilege of doing business which is measured by "retail sales" generally constitutes a deductible retail sales *746 tax. [6] However, in order to be deductible, the tax must be with respect to a sale at retail; and under the State and local taxing authorities herein, a contractor's sales are simply not retail sales. [7] Since these taxes do not qualify as "general sales taxes" within the meaning of section 164(a)(4), we disallow the claimed deduction. [8]
*747 Decision will be entered for respondent.
Footnotes
1. After the deduction for costs of land and labor, the amount remaining is the contractor's profit and cost of materials. The 4 percent state transaction privilege tax was composed of a 1 percent general "privilege tax", a 1 percent "education excise tax", and a 2 percent "special excise tax for education". Ariz. Rev. Stat. Ann. secs. 42-1310.2(i), 42-1361.A, and 42-1371.A.6↩ (1980). 2. Tempe City Code, chapter 33, Art. II, Div. 2, section 33-16.9, as amended by Ordinance No. 569.4, December 1, 1977.↩
3. Ellis did not maintain separate records of the costs and taxes paid on each newly constructed home. However, the total amount of Arizona State transaction privilege taxes paid by Ellis was approximately 1.2 percent of its gross sales. Thus, petitioner computed their $1,354 deduction as follows. ↩
1. Arizona State Tax
Sales price
$73,191 X 1.2% = $878.00
2. Tempe City Tax
Sales price
$73,191
Less 35% deduction
25,617
$47,574 X 1% = $476.00
$1,354.00
4. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended. ↩
5. Respondent also claims the taxes are nondeductible for other reasons. Since the state tax rate of 4 percent was applied against gross sales less costs of labor and land and the city allowed a flat 35 percent deduction for labor, respondent argues the rates applied to contractors are not applied on generally the same base as other businesses subject to the tax that are not allowed to deduct costs of labor or land. Thus, respondent argues the taxes are not imposed at one rate in respect of a broad range of classes of items. See sec. 1.164-3(g)(2), Income Tax Regs.↩ Finally, respondent claims that even if such taxes qualified as "general sales taxes", they are not and cannot be treated as imposed on petitioners. See sec. 164(b)(5).
6. Respondent readily admits that Arizona and Tempe transaction privilege taxes that are imposed on those persons engaged in the business of "selling any tangible personal property * * * at retail", qualify as "general sales taxes" under sec. 164(a)(4). Ariz. Rev. Stat. Ann. 42-1312 (1980). Tempe City Code, Chapter 33, Art. II, Div. 2, section 33-16.12, as amended by Ordinance No. 569.4, December 1, 1977. That sales of tangible personal property to a licensed contractor are exempted from Arizona and Tempe retail sales taxes does not change the nature of the tax imposed on Contractors as that of a tax imposed in respect of a non-retail sale of real property.↩
7. On several occasions, this Court has held that a home buyer may not deduct retail sales taxes paid by the contractor on the purchase of materials that went into the construction of the home. See Wise v. Commissioner,78 T.C. 270 (1982); Petty v. Commissioner,77 T.C. 482 (1981); Armentrout v. Commissioner,43 T.C. 16 (1964); Porter v. Commissioner,T.C. Memo. 1978-391↩. On each occasion, the incidence of taxation was the privilege of doing business, and the tax was imposed in respect to sales of tangible personal property at retail. And on each occasion, the home buyer was disallowed the deduction on the grounds that under state law the contractor was the "ultimate consumer" of the materials that went into construction of the home, i.e., there was no retail sale of the materials when the home buyer paid the contractor. 8. Due to our holding, we need not address respondent's other contentions. See note 5, supra.↩