T.C. Summary Opinion 2004-100


UNITED STATES TAX COURT


KURT STEVEN AND JUANITA FAY URBAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5497-03S.          Filed July 27, 2004.


Kurt Steven and Juanita Fay Urban, pro sese.

<u>Aimee R. Lobo-Berg</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in

effect at the time that the petition was filed.[1]  The decision to

_____

   [1] Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for 1998,
the taxable year in issue.  All Rule references are to the Tax
Court Rules of Practice and Procedure.  All monetary amounts are
rounded to the nearest dollar.

be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioners' Federal income tax of $5,181 for the taxable year 1998.

The issues for decision are:

(1) Whether petitioners are entitled to deduct Washington State real estate excise taxes of $12,209. We hold that they are not.

(2) Whether petitioners are liable under section 72(t) for the 10-percent additional tax on an early distribution from petitioner Kurt Steven Urban's (Mr. Urban) individual retirement account (IRA). We hold that they are to the extent provided herein.

An adjustment to the amount of petitioners' itemized deductions is a purely computational matter, the resolution of which is dependent on our disposition of the first disputed issue.

Background

At the time that the petition was filed, petitioners resided in Portland, Oregon.

A. Real Estate Excise Tax

From 1994 through 1998, petitioners owned and resided in a single-family home located at 5518 174th Place Southeast,

Bellevue, Washington. During this time, petitioners paid real property taxes based on the assessed value of the property.

On June 12, 1998, petitioners sold their residence for $678,000. Petitioners paid $12,068 in Washington State real estate excise tax on the sale of their residence. Petitioners' settlement statement concerning the sale of their residence listed on line 1204: "Government Recording and Transfer Charges: Excise Tax $12,068." After the sale of their residence, petitioners relocated to Portland, Oregon.

B. IRA Distribution

During the year in issue, petitioners had one daughter in her sophomore year at Arizona State University and one daughter completing high school. In the same year, Mr. Urban started a master's degree program in business. Petitioners estimated that they would incur approximately $25,000 in education expenses for 1998.

To cover their education expenses, Mr. Urban withdrew $30,000 from his Merrill Lynch IRA. Petitioners calculated that this amount would be sufficient to cover their estimated education expenses of $25,000[2] as well as any Federal income taxes associated with the early withdrawal. For the taxable year

---

[2] Petitioners reduced their education expense estimate to approximately $20,000 because they later learned that high school does not qualify as higher education.

1998, petitioners stipulated that they paid and incurred qualified higher education expenses of $15,716.

Mr. Urban turned 48 years old in 1998 and was not disabled at any time during that year.

C.  Form 1040

Petitioners timely filed a Form 1040, U.S. Individual Income Tax Return, for 1998.  Petitioners attached to the Form 1040, inter alia, Schedule A, Itemized Deductions.  On line 8 of Schedule A, petitioners claimed a deduction "Excise tax on sale of WA residence" in the amount of $12,209.[3]

Petitioners properly reported on line 15b of the Form 1040 the $30,000 distribution from Mr. Urban's IRA as taxable income. Petitioners did not report on their return the 10-percent additional tax imposed by section 72(t) on that distribution.

D.  Notice of Deficiency

In the notice of deficiency, respondent determined that petitioners are not entitled to a deduction for taxes paid of $12,209.  Respondent further determined that petitioners paid qualified higher education expenses of $11,580, which amount reduces the portion of the early distribution that is subject to the early withdrawal tax.  Respondent thus determined that

---

[3]  The settlement statement indicated that petitioners paid an excise tax of $12,068.  Petitioners, however, claimed a deduction for the excise tax in the amount of $12,209.  This discrepancy is unexplained in the record.

$18,420 of petitioners' early distribution is subject to the 10-percent additional tax, and, therefore, that petitioners are liable for such additional tax in the amount of $1,842.[4]

E.   Petition

Petitioners timely filed a petition with the Court disputing the determined deficiency.  Paragraph 4 of the petition states as follows:

> TWO ADJUSTMENTS ARE IN DISPUTE:
> 1)  $12,209 Real Estate Excise Tax-Washington State excise tax paid under Chapter 82.45RCW-Chapter 458-61WAC is a recognized tax we paid in 1998 and should be deductible as an itemized deduction.  This tax is a real estate tax assessed uniformly in Washington State and used for State, community and or governmental purposes.
> 2)  The early IRA withdrawal penalty should not be assessed because we had hardship education expenses in excess of $20,000 (our calculation showed education costs of $25,100) and in order to obtain after tax dollars of more than $20,000, $30,000 had to be withdrawn.  Full federal taxes were paid on the withdrawal, however I believe no penalty should be charged on any portion of the withdrawal.

Discussion

We decide the issues in this case without regard to the burden of proof because the facts are not in dispute and the issues are legal in nature.  See generally sec. 7491(a); Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); New

---

[4]   The parties stipulated, however, that petitioners paid and incurred qualified higher education expenses of $15,716.  Therefore, only $14,284 of petitioners' early distribution is at issue.

Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Higbee v. Commissioner, 116 T.C. 438 (2001).

A.  Real Estate Excise Tax

The first issue is whether petitioners are entitled to deduct under section 164(a)(1) the Washington State real estate excise tax that they paid on the sale of their residence.

As relevant herein, section 164(a) allows a deduction for five specific categories of taxes, specifically including State, local, and foreign real property taxes.  Sec. 164(a)(1). Notwithstanding the general deductibility of taxes, any tax that does not fall within one of the specific categories of deductible taxes enumerated in section 164(a) and that is paid or accrued in connection with the disposition of property shall be treated as a reduction in the amount realized on the disposition of that property.

Section 1.164-3(b), Income Tax Regs., defines real property taxes as: "taxes imposed on interests in real property and levied for the general public welfare, but it does not include taxes assessed against local benefits." [Emphasis added.]

Petitioners contend that Washington State's real estate excise tax constitutes a State real property tax for purposes of section 164(a)(1).  Petitioners' theory is that the State of Washington:

> does not have a general state income tax and therefore
> must collect taxes from other sources to run the state,

> local and community services associated with all citizens in the state of Washington.  All people who sell there [sic] homes are uniformly assessed this excise property sales tax.  This is in effect a property tax that is collected on the sale of every home in the entire state of Washington and should be able to be deducted the same as any other state who has a State Income Tax that would be recognized as deductible and would be allowed on the Schedule A 1040 form.

In support of their contention, petitioners rely on the Internal Revenue Service's Form 1040 Instructions for Schedule A, Line 6, Real Estate Taxes, which state in relevant part:

> Include taxes (state, local, or foreign) you paid on real estate you own that was not used for business, but only if the taxes are based on the assessed value of the property.  Also, the assessment must be made uniformly on property throughout the community, and the proceeds must be used for general community or governmental purposes. * * *"

As a preliminary matter, however, we observe that Instructions are not authoritative sources of law in the tax field.  Casa De La Jolla Park, Inc. v. Commissioner, 94 T.C. 384, 396 (1990).  Taxpayers must look to authoritative sources of Federal tax law such as the statutes, regulations, or judicial decisions.  Green v. Commissioner, 59 T.C. 456, 458 (1972).

Thus, we begin our analysis by looking to State law to determine whether Washington State's real estate excise tax satisfies the definition of a real property tax for Federal income tax purposes; i.e., whether it is a tax imposed on an interest in real property.  If the Washington State real estate excise tax does not constitute a State real property tax for

purposes of section 164(a)(1), then it would not be deductible as such, but rather it would reduce the amount realized on the sale of the property.  Sec. 164(a).

The Washington Revised Code Annotated section 82.45.060, Tax imposed on sale of property--Additional tax imposed (West 2000), provides in part as follows:

> There is imposed an <u>excise tax upon each sale of real property</u> at the rate of one and twenty-eight one-hundredths percent of the selling price.  An amount equal to seven and seven-tenths percent of the proceeds of this tax to the state treasurer shall be deposited in the public works assistance account * * *[5]
> [Emphasis added.]

See Wash. Rev. Code Ann. ch. 82.45 (West 2000); Wash. Admin. Code sec. 458-61-015, Real Estate Excise Tax (2004).

According to the statute, it is clear that the nature and character of the tax at issue are those of an excise tax. Typically, an excise tax is imposed on the consumption, manufacture, or sale of certain commodities, privileges, particular business transactions, and the like.  See <u>Flint v. Stone Tracy Co.</u>, 220 U.S. 107, 151 (1911).  In the instant case, the Washington State real estate excise tax is a tax on the transaction or particular privilege of selling real property.  In

---

[5] Petitioner claims, and respondent does not dispute, that the real estate excise tax is for the general public welfare.  We note that the public works assistance account is established in the State treasury, and that the money in the account is used to make loans and to give financial guarantees to local governments for public works projects.  Wash. Rev. Code Ann. sec. 43.155.050 (West 2000).

Mahler v. Tremper, 243 P.2d 627, 629-630 (Wash. 1952), the Supreme Court of the State of Washington held that a county tax on the sale of real estate is an excise tax and not a property tax because it is a tax on the transaction rather than merely ownership. Moreover, this Court has held on several occasions that so-called transaction privilege taxes concerning the transfer of property are not deductible under section 164(a)(1) because such taxes are not imposed on interests in property. See Black v. Commissioner, 60 T.C. 108 (1973) (Pennsylvania State real estate tax imposed on the transfer of property is not imposed on an interest in real property); Gibbons v. Commissioner, T.C. Memo. 1976-125 (Maryland State real estate transfer tax on the purchase of a home is not a deductible real property tax); cf. Beimfohr v. Commissioner, T.C. Memo. 1986-57 (a transaction privilege tax on a contractor's gross proceeds of sales less land and labor costs is an excise tax on the privilege to engage in an occupation or business rather than a tax imposed on an interest in real property). We continue to follow these precedents.

Petitioners argue, however, that Washington State's real estate excise tax is a form of real property tax because the State of Washington does not have a general State income tax unlike most States. The fact that Washington State does not have a general State income tax, however, is not determinative of

whether Washington State's real estate excise tax constitutes a real property tax for purposes of section 164(a)(1).

There is nothing in Washington Revised Code Ann. ch. 82.45, Excise Tax on Real Estate Sales (West 2000), nor in its legislative history indicating that Washington State's real estate excise tax is in lieu of the State's real property tax.[6] Indeed, Washington State's real estate excise tax is another source of the State's tax revenues, but it is separate and distinct from Washington State's real property tax. In fact, petitioners paid annual real estate property taxes based on their ownership interest in property. In addition, when petitioners sold their property, they paid a separate real estate excise tax based on the sale transaction. Thus, petitioners paid at least two distinguishable taxes on their property: an annual tax based on their interest in the property, and a one-time tax based on the sale of their property. State law makes this distinction and so shall we for purposes of section 164(a)(1).

Accordingly, we sustain respondent's determination on this issue.

---

[6] We note that Washington State's real estate excise tax is found in Wash. Rev. Code Ann. tit. 82, Excise Taxes (West 2004), whereas the State's real property tax is found in Wash. Rev. Code tit. 84, Property Taxes.

B.  Section 72(t) Additional Tax

The next issue is whether petitioners are liable for the 10-percent additional tax under section 72(t).

Generally, a distribution from an IRA is includable in the distributee's gross income in the year of distribution under the provisions of section 72.  Secs. 61(a)(9), 408(d)(1), (3); see secs. 408(a), 4974(c)(4).  Such distributions made prior to a taxpayer's attaining the age of 59-1/2 that are includable in income generally are subject to a 10-percent early withdrawal tax unless an exception to the tax applies.  Sec. 72(t)(1).  As relevant herein, section 72(t)(2)(E) exempts distributions from the early withdrawal tax to the extent such distributions do not exceed a taxpayer's qualified higher education expenses for the taxable year.  See secs. 72(t)(2)(E), (7); 529(e)(3), (5).

In the instant case, petitioners withdrew $30,000 from Mr. Urban's IRA.  Petitioners properly included this amount on the Form 1040 as taxable income.  Although respondent initially determined that petitioners had qualified higher education expenses of $11,580, the parties stipulated that petitioners had qualified higher education expenses of $15,716, thus reducing the amount of the IRA distribution that is subject to the early withdrawal tax to $14,284.  Petitioners, however, did not include on the Form 1040 the 10-percent early withdrawal tax on any portion of the IRA distribution.  Thus, the issue is whether

petitioners must pay an early withdrawal tax on that portion of their IRA distribution that exceeded their qualified higher education expenses; i.e., $14,284.

Petitioners conceded at trial that they knew they had to pay regular income tax on the early withdrawal but felt that they "would avoid the penalty associated with it for early withdrawal" based on the exception for higher education expenses. The essence of petitioners' contention is that, in order to obtain sufficient after-tax dollars to pay for their estimated education expenses, as well as the regular income tax imposed on the IRA distribution, they had to withdraw an amount in excess of their estimated education expenses. Petitioners argue that this "catch 22"[7] was not the intent of the early withdrawal tax because they are being unfairly penalized for taking an early IRA distribution for the purpose of paying for higher education expenses. As such, petitioners contend that no part of the distribution should be subject to the early withdrawal tax under section 72(t).

Petitioners, however, cite no authority to support their proposition, and we are aware of none. The situation presented by petitioners (i.e., that the entire distribution should be exempt from the early withdrawal tax under the exception for qualified higher education expenses because a portion of the

---

[7] Petitioners describe the "catch 22" as: "In order to get the amount you need, you have to take more than you need."

distribution is attributable to the tax consequences associated with such withdrawal) is not addressed by any of the express statutory exceptions to the early withdrawal tax. Further, there is nothing in the legislative history of section 72(t) nor in the case law to support an exception for the portion of an early distribution used to pay for the tax effect of a distribution taken for qualified higher education expenses.

The Tax Court is a court of limited jurisdiction and lacks general equitable powers. Commissioner v. McCoy, 484 U.S. 3, 7 (1987); Hays Corp. v. Commissioner, 40 T.C. 436, 442-443 (1963), affd. 331 F.2d 422 (7th Cir. 1964). Consequently, our jurisdiction to grant equitable relief is limited. Woods v. Commissioner, 92 T.C. 776, 784-787 (1989); Estate of Rosenberg v. Commissioner, 73 T.C. 1014, 1017-1018 (1980). Although we acknowledge that petitioners used the IRA distribution for laudable purposes, absent some constitutional defect we are constrained to apply the law as written, see Estate of Cowser v. Commissioner, 736 F.2d 1168, 1171-1174 (7th Cir. 1984), affg. 80 T.C. 783, 787-788 (1983), and we may not rewrite the law because we may "'deem its effects susceptible of improvement'", Commissioner v. Lundy, 516 U.S. 235, 252 (1996) (quoting Badaracco v. Commissioner, 464 U.S. 386, 398 (1984)). Accordingly, petitioners' appeal for relief must, in this instance, be addressed to their elected representatives. "The

proper place for a consideration of petitioner's complaint is the halls of Congress, not here." Hays Corp. v. Commissioner, supra at 443.

Therefore, we conclude that $14,284 of petitioners' IRA distribution is subject to the additional tax under section 72(t). Accordingly, we sustain respondent's determination on this issue to that extent.

C. Conclusion

We have considered all of the other arguments made by petitioners, and, to the extent that we have not specifically addressed those arguments, we conclude them to be without merit.[8]

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect our disposition of the disputed issues, as well as respondent's concession,

Decision will be entered

under Rule 155.

---

[8] Petitioners at trial suggested obliquely that the exception for medical expenses under sec. 72(t)(2)(B) might also apply. Petitioners, however, did not present any evidence whatsoever in support of this contention.