Richard D. STRUTHERS and Carol J. Struthers, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 4–76–270.

United States District Court, D. Minnesota, Fourth Division.

Jan. 13, 1977.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This is a suit for refund of taxes. Plaintiffs, husband and wife, assert that they overpaid taxes on self-employment income for 1973 and 1974 in the amounts of $302.52 [1] and $498.66, respectively. They argue that the Internal Revenue Service incorrectly disallowed a deduction, representing a return of capital, from the gross income of their farm for each year. The Government has moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). After considering the pleadings, memoranda, and arguments of the parties, the Court at a hearing on November 16, 1977, granted the Government's motion. This memorandum explicates the reasons for decision outlined that day.

The tax in question is assessed against self-employment income in order to finance Social Security benefits for the self-employed and their dependents. See, 26 U.S.C. § 1401. It is a tax on income and is levied, assessed, and collected with the regular income tax. The instant controversy concerns the amount of plaintiffs' self-employment income subject to tax in 1973 and 1974.

Section 1402 of the Internal Revenue Code of 1954 defines self-employment income: "The term 'self-employment income' means the net earnings from self-employment derived by an individual . . . during any taxable year . . . ." 26 U.S.C. § 1402(b). Section 1402(a) defines "net earnings from self-employment" as "the gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle which are attributable to such trade or business . . . ." "Trade or business" has the same meaning here as it does in section 162 of the Code. 26 U.S.C. § 1402(c).

Plaintiffs seek to deduct 70 percent of the amount of their gross income, claiming

T. C. Waldron, Litchfield, Minn., for plaintiffs.

Elizabeth A. Egan, Asst. U. S. Atty., Minneapolis, Minn., of counsel, Thomas R. Jones, James P. Sites, Attys., Tax Division, Dept. of Justice, Washington, D. C., for defendant.

---

1. For reasons unrelated to the instant controversy, the Internal Revenue Service allowed part of plaintiff's claim for refund of 1973 taxes in the amount of $432.17.

that that proportion of their income was derived from capital investment and should be deducted as a return of capital. Deductions are a matter of legislative grace, however, and it is the burden of the taxpayer to demonstrate that he is entitled to a deduction the Code provides. E. g., *New Colonial Ice Co. v. Helvering,* 292 U.S. 435, 440, 54 S.Ct. 788, 790, 78 L.Ed. 1348 (1934), Plaintiffs concede they lack statutory authority for the deduction they seek, but argue instead that if section 1402 does not authorize the deduction, it deprives them of equal protection, as per the Fifth Amendment. See *Richardson v. Belcher,* 404 U.S. 78, 81, 92 S.Ct. 254, 257, 30 L.Ed.2d 231 (1971); *Moritz v. Commissioner,* 469 F.2d 466 (10th Cir. 1972), *cert. denied,* 412 U.S. 906, 93 S.Ct. 2291, 36 L.Ed.2d 971 (1973).

Other provisions of the Code, which deal with a trade or business in which both personal services and capital investment are material income-producing factors, allocate up to 30 percent of income as "earned income," i. e., compensation for personal services. See, 26 U.S.C. § 911 (income earned outside the United States); *id.* §§ 1303(c)(2)(C), 1304(c)(3) (income averaging); *id.* § 1348(b)(1) (maximum tax rate on personal service income). Section 401(c)(2), dealing with retirement plans for self-employed individuals, used the allocation of section 911(b) until 1966, but now defines "earned income" merely as "the net earnings from self-employment (as defined in section 1402(a)) . . . ."

■ To prevail, plaintiffs must show that there is no rational basis related to the purpose of the legislation for the failure to provide a deduction for return of invested capital in computation of self-employment income when provision for earned income is made in other Code sections. Plaintiffs have not attempted this demonstration other than to argue that the absence of a

deduction is unfair to self-employed individuals.[2] Although unfairness might be present, unfairness alone is insufficient to overturn a section of the Internal Revenue Code. Congressional judgment in making classifications concerning taxation and social welfare programs is entitled to much deference. See, *Colgate v. Harvey,* 296 U.S. 404, 56 S.Ct. 252, 80 L.Ed. 299 (1935); *Dandridge v. Williams,* 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). See also *Helvering v. Davis,* 301 U.S. 619, 672, 57 S.Ct. 904, 81 L.Ed. 1307 (1937). The tax on self-employment income has withstood constitutional attack from other quarters. See, *Cain v. United States,* 211 F.2d 375 (5th Cir.), *cert. denied,* 347 U.S. 1013, 74 S.Ct. 868, 98 L.Ed. 1136 (1954); *Palmer v. Commissioner,* 52 T.C. 310 (1969). Plaintiffs' complaint is more properly addressed to Congress than the courts.

■ The fact that Congress employed explicit language elsewhere but not in section 1402 seems a clear indication of its intent not to apply the "earned income" allocation to self-employment income. Rev. Ruling 60–178, 1960–1 C.B. 14. See, *Delno v. Celebrezze,* 347 F.2d 159, 163 & n. 10 (9th Cir. 1965). This result is the more reasonable in light of the limitation provided by section 1402(b)(1) on the amount of self-employment income subject to taxation.

Judgment on the pleadings is appropriate since no material factual matters are in dispute. For the reasons advanced above, the Court granted the Government's motion for judgment in its favor.

LET JUDGMENT BE ENTERED ACCORDINGLY.

---

**2.** Plaintiffs also argue that the section permits double taxation: "Requiring the self-employed farmer to pay self-employment tax and Income Tax both, on farm earnings which represent a return of invested capital, results in double taxation denying farmers of the equal protection of the law." It must be noted that section 1402 does not impose double taxation, since its purpose is to fund Social Security benefits for the self-employed and their dependents, while income tax provides general tax revenues. See, e. g., *Czarnikow-Rionda Co. v. United States,* 328 F.Supp. 487, 493 (Cust.Ct.1971), *aff'd.,* 468 F.2d 211, 60 CCPA 6 (1972).