CHARLES E. MORITZ, PETITIONER *v.* COMMISSIONER
OF INTERNAL REVENUE, RESPONDENT

Docket No. 610–70SC.   Filed October 22, 1970.

Charles E. Moritz, pro se.
*Marvin T. Scott*, for the respondent.

OPINION

TIETJENS, *Judge:* The Commissioner determined a deficiency in petitioner's Federal income tax for taxable year 1968 in the amount of $328.80. The issue before us is whether petitioner is entitled to a deduction under section 214 for expenses paid for the care of his mother.

All of the facts are stipulated and are so found.

Petitioner Charles E. Moritz, resided in Denver, Colo., at the time of the filing of the petition herein. He is single and has never been married. During 1968 petitioner served as editor for the western division of the publishing firm of Lea & Febiger. He maintained an office in his home in Denver. His employment involved extensive travel, visiting authors, prospective and under contract, who were members of the life science faculties at various colleges and universities in 11 western States.

For the period in question, petitioner's mother, Mrs. B. E. Moritz, resided with him in his house. Petitioner paid all household expenses and provided over one-half of his mother's total support. Mrs. Moritz received the following funds during 1968: $432 from Social Security; and $446.98 as interest from a savings and loan. In October 1968, Mrs. Moritz reached age 89. Since 1963 she has been confined to a wheelchair due to severe arthritis. In addition she suffered from other

infirmities of old age such as lapse of memory, arteriosclerosis, impaired hearing, etc. During all of 1968, Mrs. Moritz was physically and mentally incapable of caring for herself.

In 1961 petitioner hired Miss Cleeta L. Stewart to assist him in the care of his mother, in order that he could gain the freedom required for his extensive travel and for accomplishment of office work at home.

Miss Stewart's duties involved assisting petitioner's mother in dressing, grooming, and personal hygiene. She would also aid Mrs. Moritz in her movement around the house by pushing her wheelchair, lounge chair, or bed. Miss Stewart prepared Mrs. Moritz's meals; changed and washed clothes, bed and bath linens; and performed other household chores.

Petitioner paid Miss Stewart $1,250 in 1968. Of the aggregate compensation paid her, a sum in excess of $600 is properly allocable to the assurance of Mrs. Moritz's well-being. On his 1968 return petitioner deducted $600 for "Household help for invalid mother." The Commissioner disallowed the deduction.

We must decide if petitioner is entitled to a deduction under section 214, I.R.C. 1954,[1] for expenses incurred in the care of his invalid mother. We hold he is not so entitled.

Section 214 provides:

SEC. 214. EXPENSES FOR CARE OF CERTAIN DEPENDENTS.

(a) GENERAL RULE.—There shall be allowed as a deduction expenses paid during the taxable year by a taxpayer who is a woman or widower, or is a husband whose wife is incapacitated or is institutionalized, for the care of one or more dependents (as defined in subsection (d)(1)), but only if such care is for the purpose of enabling the taxpayer to be gainfully employed.

\*       \*       \*       \*       \*       \*       \*

(d) DEFINITIONS.—For purposes of this section—

(2) WIDOWER.—The term "widower" includes an unmarried individual who is legally separated from his spouse under a decree of divorce or of separate maintenance.

This definition of widower also applies to a man whose wife has died. Sec. 1.214–1(d)(1), Income Tax Regs.

Petitioner's argument is that he being unmarried, both past and present, is entitled to the deduction of section 214 as are other single persons, namely widowers and single women. To deny him the deduction, he contends, is arbitrary, capricious, and unreasonable.

We cannot agree. Section 214 was first enacted with the 1954 Code. The purpose of this provision was: "to provide for a deduction for all working women and for widowers for the care of certain dependents." S. Rept. No. 1622, 83d Cong., 2d Sess., p. 220 (1954). Section 214

---

[1] All statutory references are to the Internal Revenue Code of 1954 unless otherwise stated.

clearly reflects this purpose by specifying who is entitled to the deduction. There is no ambiguity here nor is there a demonstrable intent to give relief, in the form of a deduction to all single persons. In fact, during the Senate hearings on the 1954 Code, there was testimony on the issue of allowing the deduction to all single individuals, but this was rejected as is evident from the final form of the provision. Hearings before Senate Committee on Finance on H. R. 830, 83d Cong., 2d Sess., p. 1798 (1954).

Therefore, petitioner can only avail himself of the deduction if he fits within the terms of the statute, since deductions are solely matters of legislative grace. *New Colonial Co.* v. *Helvering*, 292 U.S. 435 (1934).

We glean from petitioner's argument a constitutional objection based, it seems, on the due process clause of the fifth amendment. Petitioner claims discrimination in that he, a single male, is not entitled to the same tax treatment under section 214 as other single persons, widowers and single women, are entitled.

The objection is not well taken. As stated previously, deductions are within the grace of Congress. If Congress sees fit to establish classes of persons who shall or shall not benefit from a deduction, there is no offense to the Constitution, if all members of one class are treated alike. *Brushaber* v. *Union Pac. R. R.*, 240 U.S. 1 (1916). Such classifications have traditionally been held to be constitutional. See *Shinder* v. *Commissioner*, 395 F.2d 222 (C.A. 9, 1968), affirming a Memorandum Opinion of this Court.

The legislative history shows that Congress gave serious consideration before the enactment of section 214, to various points of view. Its action cannot be said to be arbitrary, capricious, or unreasonable. Petitioner is treated no differently from other unmarried, past or present, males. His remedy lies with Congress, and not in this Court.

*Decision will be entered for the respondent.*