Westley Holmes v. Commissioner.
Holmes v. Commissioner
Docket No. 6032-70 SC.
United States Tax Court
T.C. Memo 1971-328; 1971 Tax Ct. Memo LEXIS 4; 30 T.C.M. (CCH) 1426; T.C.M. (RIA) 71328; December 28, 1971, Filed *4 Robert L. Doris, Jr., 220 Bloomfield Ave., Montclair, N.J., for the petitioner. Frank J. Smith, for the respondent. SACKS Memorandum Findings of Fact and Opinion SACKS, Commissioner: Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1968 in the amount of $151.33. The issues presented for decision are as follows: (1) Whether petitioner was entitled to file his 1968 individual Federal income tax return as "Head of Household" within the 1427 purview of section 1(b)(2) of the Internal Revenue Code of 1954. [1]
(2) Whether petitioner is entitled for the taxable year 1968 to a claimed child care expense deduction in the amount of $900 under the provisions of section 214 of the Code. (3) Whether petitioner is entitled to a deduction for certain interest expense claimed. Findings of Fact Some of the facts have been stipulated by the parties and their stipulation, together with an attached exhibit, is incorporated herein by this reference. Petitioner is an individual who resided in East Orange, New Jersey at the time of filing *5 of the petition herein. His individual Federal income tax return for the calendar year 1968, made on the basis of "Head of Household" was filed with the internal revenue service center, Philadelphia, Pennsylvania. During the entire taxable year 1968 petitioner was legally married to Juanita Elva Holmes. Although legally married, however, Juanita Holmes did not reside with petitioner during 1968 nor had she resided with him since sometime in 1964 at which time she had deserted him. Of this marriage there had been four children - Sharon, Deborah, Eileen and Westley, Jr. - all of whom resided with petitioner during the entire taxable year 1968. Juanita Holmes appears to have been a narcotics addict whose whereabouts subsequent to 1964 were not always known to petitioner. She did, however, continue to visit petitioner's home subsequent to 1964 for the purpose of seeing her children. During 1968 she made at least two of these visits in the presence of petitioner. Petitioner, during the taxable year 1968, was employed as a warehouseman at the Picatinny Arsenal at Dover, New Jersey. While he was so employed, he incurred expenses amounting to $900 for the supervisional care of his four *6 children including summer day camp programs, tutoring programs, and for transportation of the children to and from these activities. On his individual Federal income tax return for 1968 petitioner claimed "Head of Household" status. He further claimed, as child care expense under the provisions of section 214 of the Code, the sum of $900. In addition, and among other things, he also claimed as a deduction for interest paid, the sum of $466.17. In his statutory notice of deficiency respondent determined that petitioner was not entitled to the filing status of "Head of Household" under the provisions of section 1(b)(2) of the Code; he also determined that petitioner did not qualify under the terms of section 214 for the child care expense deduction permitted thereunder. And he further disallowed $97.29 of the $466.17 claimed by petitioner as interest expense for lack of substantiation. Opinion Issue 1. Petitioner has claimed "Head of Household" status pursuant to the provisions of section 1(b)(2) of the Code. That section states that: * * * an individual shall be considered a head of household if, and only if, such individual is not married at the close of his taxable year, *7 * * *. The term "not married" within the intendment of this section means that only * * * an individual who is legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married. (Emphasis supplied.) [2]
It is clear from the evidence that petitioner was indeed "married" during all of 1968 within the strict legal sense of the statute. However sad the plight of an individual deserted by a spouse and striving diligently to salvage the remnants of a home may be, such sadness cannot work a change in the statute. Petitioner, having been legally married throughout all of 1968 is not entitled to claim "Head of Household" status for that taxable year. Issue 2. Section 214(a) of the Code provides, as a general rule, that There shall be allowed as a deduction expenses paid during the taxable year by a taxpayer who is a woman or widower, or is a husband whose wife is incapacitated or is institutionalized, for the care of one or more dependents * * *, but only if such care is for the purpose of enabling the taxpayer to be gainfully employed. (Emphasis supplied.) Thus, at the outset, in order to *8 qualify under this section an individual must be 1428 either a woman, a widower, or a husband whose wife is incapacitated or institutionalized. That petitioner is not a woman is not disputed. And although the term "widower", in addition to describing an unmarried individual whose spouse has deceased also "* * * includes an unmarried individual who is legally separated from his spouse under a decree of divorce or of a separate maintenance," section 214(d)(2), petitioner does not qualify as a widower since he was legally married during the entire year 1968 to Juanita Elva Holmes. Petitioner has argued, however, that because his wife had deserted him in 1964, and because she was a narcotics addict, he does qualify as a "husband whose wife is incapacitated." Assuming without deciding, that this were true, petitioner is nevertheless precluded from the benefits of section 214 since a husband claiming child care expenses on account of an incapacitated wife is required to file a joint Federal income tax return with that wife - something petitioner did not do. [3]
*9 Finally, petitioner has argued that section 214 is unconstitutional in that it discriminates against him because of his sex. His contention is that the statute provides relief to any woman but only to a man who is either a widower or is a husband whose wife is either incapacitated or institutionalized. Much the same argument was made with respect to section 214 in the recent case of Charles E. Moritz, 55 T.C. 113 (1970), on appeal (C.A. 10, Jan. 19, 1971), and in rejecting it this Court held that The objection is not well taken. * * * deductions are within the grace of Congress. If Congress sees fit to establish classes of persons who shall not benefit from a deduction, there is no offense to the Constitution, if all members of one class are treated alike. * * * Such classifications have traditionally been held to be constitutional. Morreover, even if the statute extended its benefits equally to both men and women it would presumably still retain the requirement of subparagraph (b)(2) [4] that married individuals claiming thereunder file a joint return for the taxable year in which the claim is made. As noted above, petitioner was married during 1968 within the intendment *10 of the statute, and he did not file a joint return with his spouse. For the reasons stated, petitioner is not entitled to the claimed child care expense of $900 under the provisions of section 214 of the Code. Issue 3. On his individual income tax return for the year 1968 petitioner claimed as a deduction for interest paid the sum of $466.17. In his statutory notice of deficiency respondent disallowed $97.29 of this amount for lack of substantiation. On brief, respondent has conceded that of the $97.29 disallowed, he was in error by $62.65, leaving in controversy only the amount of $34,64. While the record is not clear as to what this item relates, we note that the total figure claimed by petitioner as interest expense is made up of the following: Home Mortgage
$112.17
Home Mortgage
$112.17
Nat'l Bank of Dover
80.00
Credit Union
108.00
Beneficial Finance
117.00
American Finance 49.00
$466.17 Of this total, petitioner introduced evidence only with respect to the $117 item claimed to have been paid to Beneficial Finance. Respondent conceded on the record that such evidence was adequate to establish this item, and the Court *11 can only assume that the $34.64 remaining in issue relates to another item on which petitioner presented no proof. Since under the Court's Rules petitioner has the burden of proof, and since no proof appears to have been adduced with respect to the $34.64 item remaining in controversy, the Court has no alternative to sustaining respondent's determination with respect thereto. Reviewed and adopted as the report of the Small Tax Case Division. To reflect the concesesion made by respondent on brief, Decision will be entered under Rule 50. 1429 Footnotes
1. All Code references herein are to the Internal Revenue Code of 1954.↩
2. Code, section 1(b)(3)(B)↩
3. Section 214(b)(2): (2) Working wives and husbands with incapacitated wives. - In the case of a woman who is married and in the case of a husband whose wife is incapacitated, the deduction under subsection (a). - (A) shall not be allowed unless the taxpayer and his spouse file a joint return for the taxable year * * *.↩
4. See fn. 3, infra.↩