**Charles E. MORITZ, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 71–1127.**

United States Court of Appeals, Tenth Circuit.

Nov. 22, 1972.

Ruth Bader Ginsburg and Martin D. Ginsburg, New York City (Melvin L. Wulf, American Civil Liberties Union Foundation, and Weil, Gotshal & Manges, New York City, of counsel, on the brief), for petitioner-appellant.

James H. Bozarth, Atty., Dept. of Justice, Washington, D. C. (Johnnie· M. Walters, Asst. Atty. Gen., Meyer Rothwacks and Ernest J. Brown, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent-appellee.

Before HOLLOWAY and DOYLE, Circuit Judges, and DAUGHERTY, District Judge.*

HOLLOWAY, Circuit Judge.

The taxpayer, Charles E. Moritz, appeals from a decision of the Tax Court holding that he was not entitled to a deduction for expenses in 1968 for the care of his dependent invalid mother. The Government argues that the deduction was unavailable because he was a single man who has never married, the deduction being limited to a woman, a widower or divorcé, or a husband whose wife is incapacitated or institutionalized. 26 U.S.C.A. § 214(a) (1967). The Tax Court sustained the Government's position, holding that the deduction was not available to Moritz as a man who has never married and rejecting the contention that the denial of the deduction to him by § 214 is arbitrary or unlawful. 55 T.C. 113. We disagree with this holding and the Government's position.

We feel that we need discuss only three issues:

(1) whether the record shows that the expenses paid for care of the mother of Mr. Moritz were for the purpose of enabling him to be gainfully employed;

(2) whether the denial of the deduction solely to a man who has never married and its allowance to women and widowers, divorcés, and husbands under certain circumstances, was arbitrary, irrational and a denial of due process;

(3) if the provision denying the deduction to a man who has not

---

* The Honorable Fred Daugherty, Judge of the Eastern and Northern Districts, and Chief Judge of the Western District of Oklahoma.

married is invalid, whether this limiting provision or all the provisions dealing with such deduction would be held unconstitutional.

The facts were stipulated. The tax year in issue is 1968. At that time Moritz was a resident of Denver and was a single man who had never married. Throughout 1968 he was a full time employee of Lea & Febiger, a publishing firm of Philadelphia, serving as editor of its western division. He maintained an office in his home in Denver where he was engaged in manuscript evaluation and extensive correspondence.

When he was in Colorado he made almost daily visits to schools of medicine, dentistry, veterinary medicine and the like within the State. His duties involved extensive travel, and visits to authors in eleven western states. His attendance was required at conventions and gatherings of life science professionals throughout the continental United States.

Commencing in 1958 and through the tax year in question, Mr. Moritz's mother resided with him. The home was owned by Moritz and all household expenses during 1968 were paid by him. He provided over half of the total support afforded his mother during that year.[1]

Mrs. Moritz became 89 in October of 1968. She had been increasingly incapacitated by arthritis and confined to a wheel chair. She suffered from lapse of memory, arteriosclerosis, impaired hearing and other disabilities. It is agreed that she was physically and mentally incapable of caring for herself. Mrs. Moritz refused to enter a nursing home. To provide for her care, thereby leaving Moritz free to do his work, he engaged the services of a woman in 1961 who remained in his employ through 1968. In 1968 this woman was paid $1,250 for her services and furnished her meals. It is agreed that this amount paid her in 1968 a sum in excess of $600, was properly allocable for the primary purpose of assuring Mrs. Moritz's well-being.

The pertinent parts of the statute embracing the deduction provisions read as follows:[2]

"§ 214. Expenses for care of certain dependents

(a) General rule.—There shall be allowed as a deduction expenses paid during the taxable year by a taxpayer who is a woman or widower, or is a husband whose wife is incapacitated or is institutionalized, for the care of one or more dependents (as defined in subsection (d)(1)), but only if such care is for the purpose of enabling the taxpayer to be gainfully employed."

\* \* \* \* \* \*

"(d) Definitions.—For purposes of this section—

\* \* \* \* \* \*

(2) Widower.—The term 'widower' includes an unmarried individual who is legally separated from his spouse

---

1. During 1968 Mrs. Moritz received no income for personal services rendered. The only funds received individually by her in 1968 were $432 for Social Security and $446.98 as savings and loan interest.

2. The statute was amended in December, 1971, and the challenged provision denying the deduction was removed. However, this amendment is effective for taxable years only after 1971, and thus is inapplicable to the present case. See Section 210 of the Revenue Act of 1971, Public Law 92–178, approved December 10, 1971:
"Sec. 210. Certain Expenses to Enable Individuals to Be Gainfully Employed.

(a) In General.—Section 214 (relating to expenses for care of certain dependents) is amended to read as follows:
"Sec. 214. Expenses for Household and Dependent Care Services Necessary for Gainful Employment.
" '(a) Allowance of Deduction.—In the case of an *individual* who maintains a household which includes as a member one or more qualifying individuals (as defined in subsection (b)(1)), there shall be allowed as a deduction the employment-related expenses (as defined in subsection (b)(2)) paid by him during the taxable year.' "
(Emphasis added).

under a decree of divorce or of separate maintenance."

We turn to the issues outlined above, which we feel are dispositive.

■ First the Government says that the constitutional issue need not be reached because the record did not sufficiently establish that the expenditure was for the purpose of permitting the taxpayer to be gainfully employed as § 214 requires. The Government argues that the stipulation did not establish that the taxpayer was qualified or able to furnish the type of care required; that his supplying the care himself was not a realistic alternative to his being employed; and that proof was lacking that he would have been able to supply and would have supplied the required care had he given up his employment. The Government says this proof—required by § 214—is lacking.

We do not agree. It was stipulated that Mrs. Moritz refused to enter a nursing home and that "[i]n order to provide for her care, thereby leaving petitioner free to accomplish office work at home and undertake extensive travel necessary for his gainful employment, petitioner engaged the services of Miss Cleeta L. Stewart in 1961, and that she has remained in his employment." (Emphasis added). We feel the stipulation contemplated that this matter was not at issue. The question was not discussed by the Tax Court. Moreover, the services performed by Miss Stewart, as detailed in the record, were in the nature of general care and not specialized medical attention which Moritz could not give. We are satisfied that the record is adequate and that the issue may not now be raised by the Government.

Second, the Government argues that the statutory denial of the deduction to men who have not married is not invalid under due process principles. It says that the deduction provisions are a matter of legislative grace, and that classifications *per se* are not unlawful. And the Government contends that the denial of the deduction to a man who has not married has a rational basis and is within the broad discretion of Congress in providing deductions.

■■ It is true that deductions are a matter of legislative grace and that they must be authorized by a clear provision under which the taxpayer must qualify. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348; Harper Oil Co. v. United States, 425 F.2d 1335, 1342 (10th Cir.). However, if the Congress determines to grant deductions of a general type, a denial of them to a particular class may not be based on an invidious discrimination. See Shapiro v. Thompson, 394 U.S. 618, 627, 89 S.Ct. 1322, 22 L.Ed.2d 600; see also Welsh v. United States, 398 U.S. 333, 356–361, 90 S.Ct. 1792, 26 L.Ed.2d 308 (Harlan, J., concurring). The concept that constitutional rights turn on whether a Governmental benefit is characterized as a right or privilege has been emphatically rejected. See Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484; Graham v. Richardson, 403 U.S. 365, 374, 91 S.Ct. 1848, 29 L.Ed.2d 534; Shapiro v. Thompson, supra, 394 U.S. at 627, n. 6, 89 S.Ct. 1322. The argument of the Government does not dispose of the issue, and we feel we are called on to consider the merits of the claim of invidious discrimination.

■ Classifications do not *per se* violate due process or equal protection principles. Flint v. Stone Tracy Co., 220 U.S. 107, 158–160, 31 S.Ct. 342, 55 L.Ed. 389. The legislature may address a problem one step at a time, and even select one phase of one field and apply a remedy there, neglecting the others. Jefferson v. Hackney, 406 U.S. 535, 546, 92 S.Ct. 1724, 32 L.Ed.2d 285. And normally a legislative classification made will not be set aside if any set of facts rationally justifying it is demonstrated or perceived by the courts. United States v. Maryland Savings-Share Ins. Corp., 400 U.S. 4, 6, 91 S.Ct. 16, 27 L.Ed.2d 4, and cases cited.

■ However, as noted, § 214 gave the deduction to a woman or widower,

a divorcé and a husband whose wife is incapacitated or institutionalized, but denied it to a man who has not married. We must agree that the classification here premised primarily on sex must be scrutinized. Where treatment accorded is based on sex the classification is subject to scrutiny under equal protection principles. Reed v. Reed, 404 U.S. 71, 75, 92 S.Ct. 251, 30 L.Ed.2d 225. And those principles of equal protection basically apply here as a part of due process under the Fifth Amendment. See Shapiro v. Thompson, supra, 394 U.S. at 641–642, 89 S.Ct. 1322; Bolling v. Sharpe, 347 U.S. 497, 499, 74 S.Ct. 693, 98 L.Ed. 884.

The Government points to information on the lower paying jobs generally available to women, submitted during the legislative hearings. It argues that only one witness urged that the tax relief be extended to all taxpayers. However, giving the classification the favorable consideration which is proper, we are not persuaded that it is valid. When placed under the scrutiny required in viewing sex discrimination, Reed v. Reed, supra, we find justification for the discrimination lacking.

■ We conclude that the classification is an invidious discrimination and invalid under due process principles. It is not one having a fair and substantial relation to the object of the legislation dealing with the amelioration of burdens on the taxpayer. See Reed v. Reed, supra, 404 U.S. at 76, 92 S.Ct. 251. The statute did not make the challenged distinction as part of a scheme dealing with the varying burdens of dependents' care borne of taxpayers, but instead made a special discrimination premised on sex alone, which cannot stand. See In re Estate of Legatos, 1 Cal.App.3d 657, 81 Cal.Rptr. 910. If Congress had desired to give relief to persons in low income brackets and bearing special burdens of dependents, means were available through classifications geared to such objectives, without using the invidious discrimination based solely on sex. Cf. Stanley v. Illinois, 405 U.S. 645, 656, 657, 92 S.Ct. 1208, 31 L. Ed.2d 551.[4]

■■ Third, we must determine the effect of the invalidity of provisions denying the deduction to men who have never married. Where a court is compelled to hold such a statutory discrimination invalid, it may consider whether to treat the provisions containing the discriminatory underinclusion as generally invalid, or whether to extend the coverage of the statute. See Skinner v. Oklahoma, 316 U.S. 535, 542, 543, 62 S.Ct. 1110, 86 L.Ed. 1655; Welsh v. United States, supra 398 U.S. at 361, 90 S.Ct. 1792 (Harlan, J., concurring). Here, extending the coverage of the deduction provisions seems logical and proper, in view of their purpose and the broad separability clause in the act. 26 U.S.C.A. § 7852(a). We conclude that the challenged provision in § 214 is invalid and should be denied application, and that the benefit of the deduction generally provided by the statute should be extended to the taxpayer.[5]

For these reasons we conclude that the taxpayer was entitled to the deduction claimed and the decision of the Tax Court is accordingly reversed.

4. The lack of a basis related to the income of women is illustrated further by the fact that the statute allows the deduction to widowers and divorcés.

5. 26 U.S.C.A. § 7852(a) provides as follows:
   "§ 7852. Other applicable rules.
   (a) Separability clause.—If any provision of this title, or the application thereof to any person or circumstances, is held invalid, the remainder of the title, and the application of such provi-sion to other persons or circumstances, shall not be affected thereby."
   We feel our disposition is preferable to the disruption which the invalidation of the entire section on such deductions would bring about, and do not favor the result suggested by Kirk v. Commissioner, 138 U.S.App.D.C. 61, 425 F.2d 492, 495, cert. denied, 400 U.S. 853, 91 S.Ct. 53, 27 L.Ed. 2d 91. See Welsh v. United States, supra 398 U.S. at 361–367, 90 S.Ct. 1792 (Harlan, J., concurring).