Glen F. Tarbet and Betty B. Tarbet v. Commissioner.
Tarbet v. Commissioner
Docket No. 3511-76. T.C. Memo. 1977-229.
United States Tax Court
T.C. Memo 1977-229; 1977 Tax Ct. Memo LEXIS 211; 36 T.C.M. (CCH) 955; T.C.M. (RIA) 770229; July 25, 1977, Filed Glen F. Tarbet, pro se, 1967 E. Lambourne Ave., Salt Lake City, Utah. S. Clay Freed, for the respondent. FAY
Memorandum Opinion FAY, Judge: Respondent *212 determined deficiencies in petitioners' Federal income tax as follows: Year
Deficiency
1973 $814
1974
684
The issue presented is whether Glen F. Tarbet (hereinafter referred to as petitioner) is entitled to dependency deductions under section 151 [1] for his children [2] of a prior marriage. Respondent has moved for summary judgment pursuant to Rule 121 of the Tax Court Rules of Practice and Procedure. The motion was argued by the parties at a hearing held in Salt Lake City, Utah, on March 7, 1977. At the hearing the Court inquired as to whether petitioner could produce any evidence to establish the amount of support he claimed to have provided the children during the years in issue. Petitioner replied that "it would be impossible for [him] to accumulate [such] evidence." At the time of filing the petition herein, Glen F. and Betty B. Tarbet resided in Salt Lake City, Utah, and apparently filed *213 Federal income tax returns for each of the years in issue with the appropriate office of the Internal Revenue Service. In support of his position, petitioner has proffered several arguments, each of which focuses on the constitutionality of the Internal Revenue Code regarding dependency exemptions in divorce matters. In essence, petitioner alleges that section 152(e), which concerns the section 152(a) support test in the case of a child of divorced parents, discriminates against the noncustodial parent, and, thus, it violates the article 1, section 8, uniformity requirement of the Constitution. It is long settled that the uniformity clause, on which petitioner relies, relates only to geographical uniformity. Brushaber v. Union Pac. R.R. U.S. 1, 24 (1916); Bromley v. McCaughn, 280 U.S. 124, 138 (1929). Thus, the contested tax provision does not violate the uniformity requirement and petitioner's reliance thereon is misplaced. Petitioner next argues that section 152(e) represents a denial of due process and equal protection guaranteed by the 14th Amendment to the Constitution. More specifically, he maintains that section 152, as written and interpreted, does not *214 require the same quantum of documentation of the custodial parent as it does of the noncustodial parent. Because, as petitioner asserts, the noncustodial spouse is usually the husband, the statute operates to discriminate unfairly against men. We find petitioner's argument without merit. [3]
While we are mindful that a classification based primarily on sex may be held to be discriminatory and invalid, the dependency exemption rules in issue operate the same regardless of the sex of the taxpayer. See Moritz v. Commissioner, 469 F. 2d 466 (10th Cir. 1972), cert. denied 412 U.S. 906 (1973). Thus, we hold that the Fifth Amendment will not aid petitioner's plight. See Labay v. Commissioner, 55 T.C. 6, 14 (1970), affd. *215 per curiam 450 F.2d 280 (5th Cir. 1971); Casey v. Commissioner, 60 T.C. 68, 74 (1973). Because no issue of material fact has been presented, respondent's motion for summary judgment will be granted. An appropriate order and decision will be entered. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954. ↩
2. Petitioner claimed six of his children as dependents in 1973, but only five in 1974. The reason for the difference is not explained in the record.↩
3. We note at the outset that petitioner's due process and equal protection arguments are predicated upon section 1 of the 14th Amendment. Because the 14th Amendment is only applicable to the States and not to the Federal government, we will assume at this juncture that petitioner is seeking a constitutional adjudication under the due process clause of the 5th Amendment. See Coolidge v. Long, 282 U.S. 582↩ (1931).