SHIRLEY W. KEELER, PETITIONER *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket No. 5544–76.    Filed May 22, 1978.

Shirley W. Keeler, pro se.
*Gary C. Gough,* for the respondent.

FORRESTER, *Judge:* Respondent has determined a deficiency in petitioner's Federal income tax for the taxable year 1973 in the amount of $753.35. The following issues remain for our decision: (1) Whether petitioner is entitled to a deduction for child care expenses under section 214,[1] and (2) whether petitioner is entitled to a deduction for social security taxes paid attributable to such expenses.

### FINDINGS OF FACT

All of the facts have been stipulated and are so found. Those necessary to an understanding of the case are as follows.

Petitioner Shirley W. Keeler (petitioner) resided in Overland Park, Kans., at the time the petition was filed herein. Petitioner filed her 1973 Federal income tax return with the Internal Revenue Service Center, Austin, Tex.

The petitioner and her former husband, William R. Keeler (William), were divorced on August 11, 1970. The divorce decree granted custody of their children, Ann, Bradford, and William,

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as in effect during the year in question.

to petitioner. Each of the children throughout the taxable year 1973 were under 15 years of age. During the year at issue, petitioner maintained a household which was the principal place of abode for her children and furnished over one-half of the cost of maintaining such household.

William was ordered, pursuant to a settlement agreement incorporated in the divorce decree, to pay petitioner child support in the amount of $250 per month for each child. He paid petitioner total child support payments of $8,250 during 1973. The settlement agreement also stated the following:

> Wife agrees that the sums of money agreed to be paid hereunder by Husband constitute the amount necessary for the support, maintenance and education of said children, and that Husband has the sole right to claim said minor children as dependents and as exemptions on his tax return.

Petitioner did not claim any of her three minor children as dependents or exemptions on her 1973 Federal income tax return.

Petitioner was gainfully employed on a full-time basis from February 15, 1973, to December 31, 1973. During this period, petitioner incurred and paid dependent care expenses to Charlotte J. Lynough in the form of wages. Petitioner also paid social security taxes of $175.50 on these wages.

On her 1973 return petitioner claimed a dependent care deduction in the amount of $3,000 for the expenses that she incurred in providing supervision and care for her three children. A tax expense deduction in the amount of $145 was also claimed by petitioner relating to the social security taxes paid.[2] Respondent disallowed petitioner's claimed dependent care deduction and the related tax expense deduction.

## OPINION

Respondent argues that the child care expenses which petitioner incurred during the taxable year at issue fail to meet the requirements of section 214.[3] Such section provides that a

---

[2] It is unclear from the record herein why petitioner deducted only $145 as a tax expense deduction rather than the stipulated figure of $175.50.

[3] SEC. 214. EXPENSES FOR HOUSEHOLD AND DEPENDENT CARE SERVICES NECESSARY FOR GAINFUL EMPLOYMENT.

(a) ALLOWANCE OF DEDUCTION.—In the case of an individual who maintains a household which includes as a member one or more qualifying individuals (as defined in subsection (b)(1)), there shall be allowed as a deduction the employment-related expenses (as defined in subsection (b)(2)) paid by him during the taxable year.

taxpayer, who maintains a household which includes as a member one or more qualifying individuals, shall be entitled to a deduction for household and dependent care expenses incurred to enable the taxpayer to be gainfully employed.[4]

A qualifying individual, for purposes of section 214 means, inter alia, a dependent of the taxpayer under 15 with respect to whom the taxpayer is entitled to a personal exemption under section 151(e). An exemption deduction is allowed the taxpayer for each dependent (as defined in section 152) who is a child of such taxpayer and has not attained the age of 19.

Section 152 generally defines the term dependent to include a son or daughter over half of whose support was received from the taxpayer during the taxable year. However, section 152 (e)(2) enumerates the requirements that determine which divorced parent is entitled to the dependency exemption. The controlling section in this case is section 152(e)(2)(A). Such section states:

(2) SPECIAL RULE.—The child of [divorced] parents * * * shall be treated as having received over half of his support during the calendar year from the parent not having custody if—

(A)(i) the decree of divorce * * * between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any [personal exemption] for such child, and

(ii) such parent not having custody provides at least $600 for the support of such child during the calendar year * * *

If the noncustodial parent meets the two conditions of section 152(e)(2)(A), notwithstanding the amount of the contribution by the custodial parent, then the noncustodial parent is entitled to the dependency exemption for the child or children.[5]

Petitioner has the burden of proving that she is entitled to a child care deduction for 1973. Rule 142(a), Tax Court Rules of Practice and Procedure. In the case at hand the parties

---

(b) DEFINITIONS, ETC.—For purposes of this section—

(1) QUALIFYING INDIVIDUAL.—The term "qualifying individual" means—

(A) a dependent of the taxpayer who is under the age of 15 and with respect to whom the taxpayer is entitled to a deduction under section 151(e).

[4]Pub. L. 94–455, sec. 505(b)(1) (Oct. 4, 1976), repealed sec. 214 for taxable years beginning after Dec. 31, 1975. A 20-percent credit under sec. 44A replaces the sec. 214 deduction. In addition, sec. 44A extends the credit to a divorced parent who has custody of a child or children under age 15 for a longer period during the year than the other parent notwithstanding the other parent's right to a dependency exemption for the child. Unfortunately this change does not aid petitioner for the year here in issue.

[5]*Langford v. Commissioner*, T.C. Memo. 1977–127; *Louis v. Commissioner*, T.C. Memo. 1975–30.

stipulated that William is entitled to the dependency exemption for each of the three mionr children pursuant to the divorce decree and that he provided total child support of $8,250 ($2,750 for each child) during the calendar year at issue. The children therefore were not dependents of petitioner in 1973, but were dependents of her former husband. Since the children are not dependents of petitioner, they are not "qualifying individuals" as defined in section 214(b)(1). Therefore, we are compelled to conclude that petitioner has not met a specific requirement of section 214 and does not qualify for the child care expense deduction thereunder. The amount incurred in providing dependent care to petitioner's three minor children is a nondeductible personal expenditure pursuant to section 262.[6]

Petitioner contends that section 214 creates an unconstitutional classification by permitting the child care deduction to a class of individuals entitled to the dependency exemption while excluding from that class those individuals responsible for the physical, as opposed to the financial, care of the child if they are not entitled to claim the dependency exemption. She then continues to argue that all persons similarly situated in regard to the purposes of the legislation are not treated similarly. This, petitioner states, is a violation of the Fifth Amendment to the Constitution requiring the Federal Government to provide the same level of equal protection in its legislative enactments as required of State governments through the 14th Amendment. See, e.g., *Johnson v. Robinson*, 415 U.S. 361, 364 n. 4 (1974).

This is not the first time that the constitutionality of section 214 has been called into question. We examined exhaustively into the constitutionality of section 214(b) in *Nammack v. Commissioner*, 56 T.C. 1379 (1971), affd. per curiam 459 F.2d 1045 (2d Cir. 1972), and upheld it. In that case the taxpayer argued that section 214(b) unconstitutionally limited both the adjusted gross income and the amount deductible. In the recent case of *Black v. Commissioner*, 69 T.C. 505 (1977), we followed our decision in *Nammack v. Commissioner, supra,* and held that section 214 does not constitute unconstitutional discrimination on the basis of marital status, sex, or interference with family

---

[6]We do not reach the question of whether the stipulated amount of the expense was in error in the stipulation of facts because the amount expended by petitioner on child care is a nondeductible personal expenditure.

relationships. These two cases tested section 214 against the "rational basis" standard as formulated by the Supreme Court.[7]

This, as petitioner concedes, is the applicable standard to apply in the instant case. In addition, a heavy burden is placed upon petitioner in challenging the constitutionality of a revenue measure, as stated by the Supreme Court in *Nicol v. Ames,* 173 U.S. 509, 514–515 (1899):

It is always an exceedingly grave and delicate duty to decide upon the constitutionality of an act of the congress of the United States. The presumption, as has frequently been said, is in favor of the validity of the act; and it is only when the question is free from any reasonable doubt that the court should hold an act of the lawmaking power of the nation to be in violation of that fundamental instrument upon which all the powers of the government rest. This is particularly true of a revenue act of congress. * * *

See also *Penn Mutual Indemnity Co. v. Commissioner,* 277 F.2d 16 (3d Cir. 1960), affg. 32 T.C. 653 (1959).

Petitioner argues that the result in the instant case should be the same as that reached in *Moritz v. Commissioner,* 469 F.2d 466 (10th Cir. 1972), revg. 55 T.C. 113 (1970), cert. denied. We do not agree. *Moritz* dealt with the case of denying the dependent care deduction to an unmarried male who supported his invalid mother. The Court of Appeals for the Tenth Circuit held that the classification allowing the deduction to women, widowers, divorcees, and husbands under certain circumstances amounted to invidious discrimination based solely on sex.[8] The Tenth Circuit stated (469 F.2d at 470):

We conclude that the classification is an invidious discrimination and invalid under due process principles. It is not one having a fair and substantial relation to the object of the legislation dealing with the amelioration of burdens on the taxpayer. See *Reed v. Reed, supra,* 404 U.S. at 76, 92 S. Ct. 251. The statute did not make the challenged distinction as part of a scheme dealing with the

---

[7]See *Dandridge v. Williams,* 397 U.S. 471, 485 (1970), wherein the Supreme Court upheld a State welfare regulation under the equal protection clause of the 14th Amendment and stated:

"In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.' *Lindsley v. Natural Carbonic Gas Co.,* 220 U.S. 61. * * * "

See also *Maher v. Roe,* 432 U.S. 464 (1977).

[8]Pub. L. 92–178, sec. 210(a) and (c) (Dec. 10, 1971), amended sec. 214 thereby allowing the dependent care deduction to unmarried men and women with qualified dependents. Since the amendment was effective for taxable years only after 1971, it was inapplicable to *Moritz v. Commissioner,* 469 F.2d 466 (10th Cir. 1972), revg. 55 T.C. 113 (1970), cert. denied 412 U.S. 906 (1973).

varying burdens of dependents' care borne of taxpayers, *but instead made a special discrimination premised on sex alone, which cannot stand.* * * * [Emphasis supplied.]

This is not the situation in the instant case. Here section 214 is neutral on its face by denying the child care deduction to anyone of either sex who is not entitled to claim the child for purposes of the dependency exemption. Furthermore, perfect equality or absolute logical consistency between persons subject to the Internal Revenue Code is not a constitutional sine qua non. *Barter v. United States,* 550 F.2d 1239 (7th Cir. 1977), affg. per curiam sub nom. *Johnson v. United States,* 422 F. Supp. 958 (N.D. Ind. 1976).

It is irrelevant to petitioner's constitutional argument that the recently enacted child care credit (repealing the dependent care deduction) would include her within the expanded class of individuals entitled to the credit which now includes a divorced or separated parent who has custody of a child for the greater part of the taxable year, notwithstanding the right of the other spouse to the dependency exemption. Petitioner argues that this broad classification is what Congress intended, but mistakenly omitted, in section 214.

We find petitioner's argument to be more chimerical than substantive. The mere fact that Congress has not, in the past, favored petitioner is not grounds for asserting that Congress exceeded its constitutional authority.[9]

It is well settled that deductions are a matter of legislative grace. *New Colonial Ice Co. v. Helvering,* 292 U.S. 435 (1934); *Harper Oil Co. v. United States,* 425 F.2d 1335 (10th Cir. 1970). Prior to the enactment of section 214 in 1954, child care expenses incurred by custodial parents were nondeductible personal expenditures. *O'Connor v. Commissioner,* 6 T.C. 323 (1946). The legislative history is silent as to the intent of Congress in limiting the deduction to taxpayers entitled to the dependency exemption. S. Rept. 1622, 83d Cong., 2d Sess. 35, 220 (1954). What becomes apparent from the legislative history of section 214 is that Congress intended to allow a dependent care deduction to a limited class of individuals under defined circumstances. See, e.g., S. Rept. 69, 88th Cong., 1st Sess. 1

---

[9] *Jackson v. Commissioner,* T.C. Memo. 1969–110.

(1963), 1963–1 C.B. 415; S. Rept. 830, 88th Cong., 2d Sess. 68 (1964), 1964–1 C.B. (Part 2) 505, 572; H. Rept. 1149, 88th Cong., 2d Sess. 29 (1964), 1964–1 C.B. (Part 2) 774, 802; S. Rept. 92–437, 92d Cong., 1st Sess. 59 (1971), 1972–1 C.B. 559, 561.[10] Thus the objective of section 214, in the case at hand, is the allowance of the child care deduction to a parent entitled to claim the minor as a dependent.

The test for whether a classification treats all persons similarly circumstanced alike is that it must be reasonable and rest upon some ground of difference having a fair and substantial relation to the object of the legislation. *Reed v. Reed*, 404 U.S. 71 (1971). The constitutional safeguard of equal protection is offended only if the classification rests on grounds entirely irrelevant to the achievement of the statute's objective. Furthermore, the Supreme Court has stated the following concerning the equal protection clause: "A legislative classification will not be set aside *if any state of facts* rationally justifying it is demonstrated to or perceived by the courts." (Emphasis supplied.) *United States v. Maryland Savings-Share Ins. Corp.*, 400 U.S. 4, 6 (1970). See also *McGowan v. Maryland*, 366 U.S. 420, 426 (1960). In the instant case, respondent need not demonstrate that Congress actually considered such a state of facts provided the facts are perceptible to this Court. See *United States v. Maryland Savings-Share Ins. Corp., supra; Kellems v. Commissioner*, 58 T.C. 556 (1972), affd. per curiam 474 F.2d 1399 (2d Cir. 1973).

We believe that Congress was within the bounds of its constitutional power when section 214 was enacted. It is conceivable Congress believed that only the custodial parent who is entitled to the dependency exemption for the child should be allowed the child care deduction. Moreover, an egregious result and administrative problems might obtain if the custodial parent is allowed the child care deduction in a case where such parent is not entitled to the dependency exemption. An example of this is the case where the only payments made by the custodial parent from after tax dollars are earmarked as deductible child care expenses while all other payments for dependent care expenses come from *nontaxable* child support

---

[10]See *Cash v. Commissioner*, T.C. Memo. 1977–405 (wherein the result was reached, after tracing the legislative history of section 214, that no invidious discrimination was present in the creation of two classes of married taxpayers to determine fairly the adjusted gross income of the household).

payments. Such potential for abuse alone is sufficient reason for Congress denying the child care deduction to the custodial divorced parent who is not entitled to the dependency exemption under section 152(e)(2).

Another reason we perceive for upholding the constitutionality of section 214 is that Congress may have been cognizant of the administrative burdens and practical problems of enforcement in allowing the child care deduction to the custodial parent and simultaneously allowing the noncustodial parent the dependency exemption. As the Supreme Court stated in *Metropolis Theatre Co. v. Chicago*, 228 U.S. 61, 69–70 (1913):

The problems of government are practical ones and may justify, if they do not require, rough accommodations * * * . It is only its palpably arbitrary exercises which can be declared void under the Fourteenth Amendment; * * *

If an employed custodial parent who cannot claim the dependency exemption were allowed the child care deduction then many more cases involving the administrative problems of tracing cash payments for child care expenses would arise than under section 214 as written. For all of the above reasons, we have no difficulty in holding the legislative classification in question well within the congressional power to classify for tax purposes. See *Nammack v. Commissioner, supra; Black v. Commissioner, supra.*

Although not raised in petitioner's petition or addressed in her brief, respondent correctly argues that the question of whether social security taxes paid attributable to child care expenses are deductible turns on the deductibility of the aforementioned expenses. Since we have held that petitioner is denied the dependent care deduction for child care expenses incurred while she was gainfully employed, the social security taxes paid are also nondeductible.[11] Accordingly, we hold that petitioner is denied the claimed deduction for social security taxes paid.

*Decision will be entered for the respondent.*

---

[11]See, e.g., *Biggs v. Commissioner*, 440 F.2d 1 (6th Cir. 1971), affg. a Memorandum Opinion of this Court.