LINDA A. LANGFORD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Langford v. Commissioner
Docket No. 9126-77.
United States Tax Court
T.C. Memo 1979-403; 1979 Tax Ct. Memo LEXIS 123; 39 T.C.M. (CCH) 264; T.C.M. (RIA) 79403; September 25, 1979, Filed *123 H and W were divorced prior to 1975. The divorce decree granted H the right to claim their four children as dependents, but provided that W should have custody of them. In 1975, H paid $6,000 in child support, and W paid $1,185 as child care for one of the children. Held, since W is not entitled to claim a dependency deduction for the child, she is not entitled to deduct the child care expenses. Linda A. Langford, pro se. Rebecca T. Hill, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $218.99 in the petitioner's Federal income tax for 1975. The sole issue for decision is whether the petitioner is entitled to deduct the expenses of caring for a child with respect to whom she was not entitled to a dependency deduction. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, Linda A. Langford, was a resident of Novato, Calif., at the time she filed her petition in this case. She filed her individual Federal income tax return for 1975 with the Internal Revenue Service. Linda A. Langford and Richard A. Langford were *125 husband and wife prior to 1970. Four children were born of this marriage, the youngest of whom, Rory, was born in 1969. A final decree of divorce dissolving this marriage was granted by the Superior Court of California, Marin County, in 1970 or 1971. This decree incorporated the terms of an interlocutory judgment of dissolution of marriage filed October 27, 1970. The interlocutory judgment ordered Mr. Langford to pay child support of $125 per month for each minor child and granted him the right to claim the four minor children as dependents on his Federal income tax returns. The petitioner was granted legal and physical custody of the children. Pursuant to the terms of the divorce decree, Mr. Langford paid $6,000 in child support during 1975, $1,500 per child. During that year, the petitioner expended $1,185 in child care expenses for Rory. These expenses were incurred to enable the petitioner to be gainfully employed. It is agreed by the parties that the petitioner furnished over one-half of Rory's support for 1975. The petitioner did not claim her children as dependents on her 1975 Federal income tax return. However, the petitioner did deduct the $1,185 in child care *126 expenses. In his notice of deficiency, the Commissioner disallowed the petitioner's deduction for child care expenses in its entirety on the ground that she was not entitled to claim Rory as a dependent. OPINION Section 214(a) of the Internal Revenue Code of 1954[1] allowed a taxpayer a deduction for certain child care expenses. To be entitled to such deduction, the taxpayer was required to maintain a household which included as a member a qualifying individual, and the expenses had to be incurred to enable the taxpayer to be gainfully employed. A qualifying individual was defined to include "a dependent of the taxpayer who is under the age of 15 and with respect to whom the taxpayer is entitled to a deduction under section 151(e)." Sec. 214(b)(1)(A). In this case, it is agreed that the petitioner maintained a household for Rory, that she incurred the expenses for his care, that he was under age 15 in 1975, and that the expenses were incurred to enable her to be gainfully employed. The petitioner also agrees that she was not entitled to claim a dependency deduction with respect to Rory, but she believes that, nonetheless, she should be entitled to deduct *127 the expenses for his child care. Section 151(e) provides that a parent may claim a personal exemption for a child if, as provided in section 152, he provides over one-half of such child's support. Section 152(e)(1) provides that when the parents are divorced, the custodial parent is entitled to a dependency deduction when the child receives over one-half of his support from his divorced parents and is in the custody of either or both parents for more than one-half of the year.However, under the special rule of section 152(e)(2)(A), the noncustodial parent is treated as furnishing over one-half of the child's support if such parent is entitled to the dependency deduction pursuant to the terms of the divorce decree and provides at least $600 for the support of such child. Mr. Langford satisfied both of the conditions imposed by section 152(e)(2)(A). The parties agree that the divorce decree granted Mr. Langford the right to claim Rory as a dependent on his Federal income tax returns and that he paid $1,500 toward Rory's support during 1975. *128 Therefore, he, and not the petitioner, is entitled to claim Rory as a dependent for 1975. In fact, the petitioner never claimed a dependency deduction for Rory, and as we understand her position, she does not dispute Mr. Langford's right to claim a dependency deduction for him. The petitioner merely believes that it is unfair and discriminatory to deny her a deduction for the expenses which she incurred for Rory's care so that she could be gainfully employed. The Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1392, repealed section 214. For years after 1975, new section 44A allows a credit against tax for dependent care expenses incurred to enable the taxpayer to be gainfully employed. Section 44A(4f)(5) provides a special dependency test in the case of divorced parents. Under this special test, the parent who has custody of a child for the greater portion of the year is entitled to claim the credit, even though such parent is not entitled to claim the child as a dependent. However, that provision is not applicable to 1975. For 1975, we must follow the provisions of section 214 as they were then in effect, and under those provisions, we have no discretion and must deny *129 the petitioner's claim since she was not entitled to claim a dependency deduction for Rory. Keeler v. Commissioner,70 T.C. 279 (1978). This same petitioner raised the same issue for the years 1973 and 1974 in which the facts were substantially the same, and in a Memorandum Opinion of this Court, we held that she was not entitled to deduct the child care expenses. Langford v. Commissioner,T.C. Memo. 1977-127. In the case now before us, the Commissioner sought to invoke the doctrine of collateral estoppel, but in view of our decision on the merits, we need not pass on that issue. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue, unless otherwise indicated.↩