BRUCE R. AND VICKIE HUNSBERGER v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hunsberger v. Commissioner
Docket No. 23330-81.
United States Tax Court
T.C. Memo 1982-607; 1982 Tax Ct. Memo LEXIS 138; 44 T.C.M. (CCH) 1428; T.C.M. (RIA) 82607; October 19, 1982. *138 Petitioners claim that the self-employment taxes are unconstitutional because (1) there will not be sufficient funds in the Social Security system to pay petitioner-husband's benefits when due, and (2) the exemption provided by section 1402(g), I.R.C. 1954, improperly discriminates on the basis of religion. Held: (1) the self-employment taxes are not unconstitutional even if petitioner-husband receives no benefits under the Social Security system. (2) We do not decide whether the exemption provided by section 1402(g), I.R.C. 1954, is unconstitutional since, even if it were declared unconstitutional, petitioner-husband would still be subject to the self-employment taxes. Bruce R. Hunsberger and Vickie Hunsberger, pro se. Steven K. Dick, *140 for the respondent. CHABOT
MEMORANDUM OPINION CHABOT, Judge: This proceeding is before us on respondent's motion for summary judgment. The issue is whether respondent is correct in his contention that, even if all the facts alleged by petitioners in their petition and in their tax return for 1977 are admitted, then as a matter of law petitioners are liable for self-employment taxes. A hearing was held on respondent's motion after the parties submitted written memoranda. Respondent determined a deficiency in Federal self-employment taxes against petitioners for 1979 in the amount of $1,572.62. When the petition in this case was filed, petitioners Bruce R. Hunsberger (hereinafter sometimes referred to as "Hunsberger") and Vickie Hunsberger, husband and wife, resided in Milford, Indiana. Attached to petitioners' joint Form 1040 for 1979 was a Schedule C which showed that Hunsberger operated Bruce's Station, apparently a gasoline sales and service station, as a sole proprietorship, which produced a profit of $19,415. Petitioners concede that this amount is self-employment income to Hunsberger. [1]
*141 On this Form 1040 petitioners did not show any income for Hunsberger that was subjected to tax under chapter 21 (Federal Insurance Contributions Act). Attached to petitioners' Form 1040 was a "NOTICE & Affidavit of RELIGIOUS Resignation From the 'Social Security' Program", dated April 15, 1980, which, among other things, claimed that Hunsberger was entitled to have returned to him "all F.I.C.A./Social Security funds collected relative to my account since the year 1966 A.D. * * * plus appropriate interest." Respondent determined that the entire $19,415 profit from Bruce's Station was subject to tax under section 1401. In their petition, petitioners explained their objections to this determination as follows: 1. We no longer wish to be involved in a Federal Insurance program. 2. There is tremendous information showing that there are no trust funds or any funds that there were are not depleted. Thereby offering us no security for our retirement. 3. We have decided to carry our own insurance to protect our own welfare. 4. To deny one person the right to exemption and to allow another person that right for religious reasons is a clear violation of the First Amendment *142 to the Constitution of the United States of America. Respondent maintains that his motion for summary judgment under Rule 121, [2] Tax Court Rules of Practice and Procedure, should be granted because (1) there is no dispute as to any material issue of fact and (2) the legal and constitutional issues involving the application of the self-employment taxes to Hunsberger's self-employment income should be decided in respondent's favor as a matter of law. Petitioners concede that Hunsberger had income that was subject to the self-employment taxes under the statute and that no provision of the statute exempts Hunsberger or his self-employment *143 income from these taxes. [3] Petitioners contend that this imposition is unconstitutional because (1) "Social Security is a fraud" in that it is not likely that the system will have enough money to pay petitioners' benefits thereunder when they come due, especially since "[t]he laws are constantly changed"; and (2) "to give one group of people an exemption under the Constitution and not another group of people is unconstitutional." They assert that "[i]f one group is exempt from Social Security, then everyone should be exempt under equal protection." We agree with respondent. The basic Social Security tax system is constitutional. Helvering v. Davis,301 U.S. 619 (1937). This conclusion extends also to the self-employment taxes imposed by section 1401, [4] here in issue. Cain v. United States,211 F.2d 375 (CA5 1954). *144 The Social Security system does not provide the contractual rights normally thought to characterize an insurance program. Flemming v. Nestor,363 U.S. 603, 608-611 (1960); Davis v. Califano,603 F.2d 618, 628 (CA7 1979). See U.S. Railroad Retirement Bd. v. Fritz,449 U.S. 166, 174 (1980). The use of the word "insurance" in describing the system results neither in the guaranteeing of a benefit nor in the general voluntariness of participation in the system or payment of premiums. The self-employment taxes are taxes imposed by the Congress and enacted as part of the Internal Revenue Code. They do not apply to all who earn income. Some people are given an option to pay the tax or exclude themselves from both the taxes and the benefits that otherwise may be available to them under the Social Security system. In general, such classifications are tested under equal protection concepts by determining whether the classification involved has some rational relationship to a constitutional governmental purpose. E.g., U.S. Railroad Retirement Bd. v. Fritz,supra;Helvering v. Davis,301 U.S. at 646; *145 Steward Machine Co. v. Davis,301 U.S. 548, 583-585 (1937); Bryant v. Commissioner,72 T.C. 757, 763-766 (1979). The general system of impositions of, and exemptions from, the self-employment taxes has been sustained under this test ( Helvering v. Davis,supra). Petitioners present no argument suggesting that, under this test, the situation they face requires any result different from that spelled out in Helvering v. Davis,supra.
However, when one of certain basic rights is at stake, or when a "suspect classification" is involved, the usual presumption of constitutionality does not apply, the rational relationship test is not the touchstone, and "special scrutiny" must be given to the governmental action. Sherbert v. Verner,374 U.S. 398, 406-407 (1963). See, e.g., U.S. Railroad Retirement Bd. v. Fritz,449 U.S. at 174; Harris v. McRae,448 U.S. 297, 312 (1980); Mobile v. Bolden,446 U.S. 55, 76 (plurality opin.) (1980); Personnel Administrator of Mass. v. Feeney,442 U.S. 256, 272-273 (1979); United States v. Carolene Products Co.,304 U.S. 144, 152 n. 4 (1938). *146 A classification according to religious beliefs is one that requires more than the usual rational relationship in order to sustain it. Sherbert v. Verner,supra;Fowler v. Rhode Island,345 U.S. 67, 69 (1953). See United States v. Seeger,380 U.S. 163, 176 (1965); Golden Rule Church Association v. Commissioner,41 T.C. 719, 729-230 (1964). On its face, paragraph (1) of section 1402(g)[5] appears to make such a classification.
*147 Notwithstanding the foregoing, we do not apply the special scrutiny test in the instant case because of the problem of petitioners' standing to raise the issue. On this point, we follow the approach illustrated by Lingenfelder v. Commissioner,38 T.C. 44 (1962); accord, Ward v. Commissioner,608 F.2d 599, 601 (CA5 1979), affg. a Memorandum Opinion of this Court. [6]
Even if petitioners were to persuade us that the exemption in section 1402(g) is unconstitutional (under the First Amendment, or under the equal protection element of the due process clause of the Fifth Amendment) because it improperly discriminates in favor of adherents of only a certain religion or group of religions, it would not help petitioners because we have not been shown any appropriate method of granting them relief. Unlike the situation in Moritz v. Commissioner,469 F.2d 46 (CA10 1972), revg. 55 T.C. 113 (1970), petitioners have not shown us a way to expand section 1402(g) to provide an exemption to Hunsberger, without also gutting the basic compulsory structure that the Congress created in chapter *148 2, the Self-Employment Contributions Act of 1954. [7] Since the basic constitutionality of the broad application of the Social Security tax structure has been established, this course is not open to us. The alternative course of action, striking down the exemption provided by section 1402(g), would still leave Hunsberger liable for the same amount of tax that respondent has determined. Accordingly, the result in the instant case--a decision for respondent--would be the same, whether or not we held section 1402(g) to be constitutional. Under these circumstances, we decline to rule on the constitutionality of section 1402(g) in the context presented in the instant case. An appropriate order granting respondent's motion for summary judgment, and decision for respondent, will be entered.
Footnotes
1. The filing of a joint return makes both petitioners liable for the self-employment taxes even though only Hunsberger had self-employment income, because the self-employment taxes are income taxes under subtitle A. Sections 6013(a), 6013(d)(3), and 6017; section 1.6017-1(b)(2), Income Tax Regs.; cf. Guest v. Commissioner,72 T.C. 768, 779-780 (1979). Unless indicated otherwise, all subtitle, chapter, and section references are to subtitles, chapters, and sections of the Internal Revenue Code as in effect for the year in issue.↩
2. RULE 121. SUMMARY JUDGMENT (a) General: Either party may move, with or without supporting affidavits, for a summary adjudication in his favor upon all of any part of the legal issues in controversy. * * * (b) Motion and Proceedings Thereon: * * * A decision shall * * * be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * *↩
3. Petitioners do not contend that Hunsberger's "Notice", supra, constitutes an effective application for exemption under section 1402(g)↩.
4. Sec. 1401 provides, in pertinent part, as follows: SEC. 1401. RATE OF TAX. (a) Old-Age, Survivors, and Disability Insurance.--In addition to other taxes, there shall be imposed for each taxable year, on the self-employment income of every individual, a tax as follows: (3) in the case of any taxable year beginning after December 31, 1978, and before January 1, 1981, the tax shall be equal to 7.05 percent of the amount of the self-employment income for such taxable year; (b) Hospital Insurance.--In addition to the tax imposed by the preceding subsection, there shall be imposed for each taxable year, on the self-employment income of every individual, a tax as follows: (3) in the case of any taxable year beginning after December 31, 1978, and before January 1, 1981, the tax shall be equal to 1.05 percent of the amount of the self-employment income for such taxable year;↩
5. SEC. 1402. DEFINITIONS. (g) Members of Certain Regious Faiths.-- (1) Exemption.--Any individual may file an application (in such form and manner, and with such official, as may be prescribed by regulations under this chapter) for an exemption from the tax imposed by this chapter if he is a member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act). Such exemption may be granted only if the application contains or is accompanied by-- (A) such evidence of such individual's membership in, and adherence to the tenets or teaching of, the sect or division thereof as the Secretary may require for purposes of determining such individual's compliance with the preceding sentence, and (B) his waiver of all benefits and other payments under titles II and XVIII of the Social Security Act on the basis of his wages and self-employment income as well as all such benefits and other payments to him on the basis of the wages and self-employment income of any other person, and only if the Secretary of Health, Education, and Welfare finds that-- (C) such sect or division thereof has the established tenets or teachings referred to in the preceding sentence, (D) it is the practice, and has been for a period of time which he deems to be substantial, for members of such sect or division thereof to make provision for their dependent members which in his judgment is reasonable in view of their general level of living, and (E) such sect or division thereof has been in existence at all times since December 31, 1950. An exemption may not be granted to any individual if any benefit or other payment referred to in subparagraph (B) became payable (or, but for section 203 or 222(b) of the Social Security Act, would have become payable) at or before the time of the filing of such waiver.↩
6. T.C. Memo. 1979-39↩.
7. Petitioners do not claim that they are entitled to an exemption based on membership in any particular class of taxpayers, religious or otherwise.↩